[Crim. No. 21884. Nov. 5, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
CRAIG BAINES, Defendant and Appellant.

**COUNSEL**

Fred Kilbride, under appointment by the Supreme Court, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, John R. Gorey, William R. Pounders and Sandy R. Kriegler, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**RICHARDSON, J.**—We reaffirm the requirement that trial counsel's request for a pretrial lineup must be timely (see *Evans v. Superior Court* (1974) 11 Cal.3d 617, 625-626 [114 Cal.Rptr. 121, 522 P.2d 681]), and conclude that, under the circumstances in this case, defendant's motion was late.

Defendant Craig Baines and his codefendant Michael Jones (not a party to this appeal) were charged with robbery (Pen. Code, § 211; further statutory references are to this code) with use of a firearm (§ 12022.5). Following his conviction by a jury, defendant was sentenced to state prison for a term of seven years. On appeal, defendant contends that (1) he was improperly denied the right to a pretrial lineup; (2) he was prejudiced by prosecutorial misconduct; (3) his sentence was erroneously enhanced by dual consideration of his use and possession of a firearm; and (4) he is entitled to credit for time served in county jail prior to his imprisonment.

The incident in question occurred in Los Angeles on December 30, 1978. After attending a party, victims Wilson and Pickens walked to their parked car where they encountered two men later identified by them as defendant and his codefendant. Defendant pointed a gun at the victims and either defendant or Jones told Wilson to hand over his money and jewelry. After receiving various items from Wilson, Jones then confronted Pickens and reached into his pocket. Pickens gave Jones his watch and $5. The robbers then departed, and Wilson and Pickens observed them entering what appeared to be a green Maverick automobile. Wilson stopped a passing police car, reported the robbery, and the victims then followed the officers in their own car in pursuit of a green Mercury automobile (similar in appearance to a Maverick) which was observed to be moving rapidly down the street. The red light and siren of the police car were activated and the Mercury ran a stop sign. During the chase, the officer observed one of the occupants of the Mercury throw a dark oblong object from the car.

The Mercury eventually stopped, and its five occupants were ordered from the car. Jones was identified as the driver and defendant was riding in the front passenger seat. Two females and another male were passengers in the back seat of the car. Wilson and Pickens confronted the occupants of the Mercury and identified both defendant and Jones as the robbers. Wilson recognized as his own the black leather coat

which Jones was wearing and a chain and ring which were taken from the female occupants. A loaded gun was later found in the area of the robbers' escape route.

At trial, the female passengers each testified that items of the victims' property were thrown into the back seat by one or both of the codefendants after the officers began their pursuit, and the victims again identified codefendants as the robbers. Jones did not testify. Defendant, however, took the stand and denied any participation in the robbery or that he threw any objects into the back seat of the car, claiming that he was simply accompanying Jones and his friends as they drove home from a party.

### 1. *Right to Pretrial Lineup*

■ The sequence and timing of pretrial procedures is significant in our disposition of defendant's assertion of prejudice in the denial of his motion for pretrial lineup. The robbery occurred on December 30, 1978; on January 4, 1979, the public defender was appointed to represent defendant; on January 18, private counsel was engaged to represent defendant after the public defender declared a conflict of interest, and the preliminary examination was set for January 30; on that date, following a hearing, both defendants were held to answer the complaint, and the arraignment was scheduled for February 13, 1979.

On February 13, the information was filed, new private counsel was appointed to represent defendant, and an arraignment was held; trial was set for March 30, 1979, and a pretrial hearing was scheduled for March 15 for the purpose of hearing any pretrial motions; on March 15, defendant moved for a pretrial lineup; the People objected to the motion, and after a hearing on March 21 the trial court denied defendant's motion as untimely. The trial court observed: "As I understand this, the date of this [proposed lineup] would be approximately 90 days after the date of the incident and 60 days after his [defendant's] preliminary hearing. That is the problem .... [¶] We're talking about timeliness. And it's not necessarily timeliness in respect to the trial date. That's a coincidence." Defendant asserts error.

We have held that "due process requires in an appropriate case that an accused, *upon timely request therefor,* be afforded a pretrial lineup in which witnesses to the alleged criminal conduct can participate. The right to a lineup arises, however, only when eyewitness identification is

shown to be a material issue and there exists a reasonable likelihood of a mistaken identification which a lineup would tend to resolve." (*Evans v. Superior Court, supra*, 11 Cal.3d 617, 625, italics added and fn. omitted.) We further explained in *Evans* that the trial court has broad discretion to deny an untimely motion for a lineup, concluding that "Such motion should normally be made *as soon after arrest or arraignment as practicable.* We note that motions which are not made until shortly before trial should, unless good cause is clearly demonstrated, be denied in most instances by reason of such delay." (P. 626, italics added.)

The People apparently concede that defendant made a sufficient factual showing to justify a pretrial lineup. As defendant observed in his moving papers, the offense occurred late at night, the victims had been drinking and were initially confused as to which defendant held the gun, and several other cars were leaving the party at the time of the crime, enhancing the possibility of a mistaken identification of the robbers' car or its occupants. The People contend, however, that the trial court acted within its discretion in denying defendant's motion as untimely.

Defendant excuses his delay by reliance on a local rule of the Los Angeles Superior Court, Criminal Division, which states: "At the time of arraignment and plea, in addition to the setting of the trial date, a pretrial conference hearing date shall be set in every case within 30 days. All pretrial motions shall be noticed for the pretrial conference date." In the present case, counsel's motion for pretrial lineup was filed in compliance with the foregoing rule.

Defendant fails to explain, however, why his motion was not made *to a magistrate* prior to his arraignment on February 13, 1979. In *Evans*, we specifically noted that a motion for pretrial lineup should be presented to the "trial judge *or magistrate*" and "should normally be made as soon *after arrest* or arraignment as practicable." (11 Cal.3d at p. 626, italics added; see also *People* v. *Vallez* (1978) 80 Cal.App.3d 46, 55-56 [143 Cal.Rptr. 914].) The value of a pretrial lineup is substantially diminished once a preliminary examination has been conducted and a direct confrontation between a defendant and his accusers has occurred.

In the present case, defendant was arrested on December 30, 1978; the preliminary examination was held on January 30, 1979, and the

arraignment occurred on February 13. Defendant was represented throughout by counsel, albeit by different ones. He does not claim that they were inadequate, but no justification is offered for his failure to seek, in the municipal court, a prompt lineup. Moreover, although defendant acquired new private counsel to represent him at the arraignment, we cannot assume that any prejudicial gap in legal representation occurred prior to that time. Section 987.1 provides, "Counsel at the preliminary examination shall continue to represent a defendant who has been ordered to stand trial until the date set for his arraignment in superior court unless relieved by the court upon the substitution of other counsel or for cause."

We conclude that the trial court did not abuse its discretion in denying defendant's motion as untimely.

### 2. *Prosecutorial Misconduct*

■ Defendant contends that the prosecutor committed misconduct during defendant's cross-examination. The record discloses the following colloquy:

"Q: When you were arrested you gave your name as Banks, didn't you?

"A: No. I gave my name as Craig Baines.

"Q: Not Craig Banks?"

"A: No."

The prosecutor made no further attempt to prove his accusation, thereby leaving the jury with an unproven suggestion that defendant may have used a false name. Defendant neither objected to the interrogation nor requested any appropriate admonition. Such an objection or admonition would have cured any harm and, accordingly, defendant must be deemed to have waived the asserted misconduct. (*People v. Green* (1980) 27 Cal.3d 1, 34 [164 Cal.Rptr. 1, 609 P.2d 468].) The prosecutor's reference was brief and limited. "Any harmful effect of the prosecutor's conduct could be obviated or cured by an appropriate admonition." (*People v. Chojnacky* (1973) 8 Cal.3d 759, 765 [106 Cal. Rptr. 106, 505 P.2d 530].)

### 3. *Improper Calculation of Sentence*

■ Although the trial court orally sentenced defendant to six years in prison, the abstract of judgment erroneously reflects a seven-year sentence. The error appears to be a clerical one and the People have agreed that "The oral pronouncement . . . imposed a term of four years for robbery plus a two-year enhancement for use of a firearm, for a total of six years . . . . The abstract and minute order reflecting a seven-year term are therefore in error and should be corrected."

### 4. *Precommitment Jailtime Credits*

Defendant claims he is entitled to certain credits against his state prison sentence for time spent in county jail after judgment but before transfer to state prison. We may assume that the Department of Corrections properly will calculate these credits upon defendant's appropriate request therefor.

The judgment is modified to reflect that defendant is sentenced to an aggregate term of six years in state prison. As modified, the judgment is affirmed.

Tobriner, J., Mosk, J., Newman, J., and Schauer, J.,* concurred.

BIRD, C. J.—I respectfully dissent from the majority's holding that under the circumstances of this case, appellant's motion for a pretrial lineup was untimely. Although the majority does not acknowledge it, today's decision portends a retreat from this court's holding in *Evans* v. *Superior Court* (1974) 11 Cal.3d 617 [114 Cal.Rptr. 121, 522 P.2d 681].

Prior to his first trial,[1] appellant moved for a pretrial lineup. The trial court denied the motion on the ground that it was untimely since it had not been made until two and one-half months after his arrest. Appellant contends that under *Evans, supra*, 11 Cal.3d 617, the denial of his motion was erroneous.

*Assigned by the Chairperson of the Judicial Council
[1]This appeal is from the judgment of conviction rendered in appellant's second trial. The first trial ended in a mistrial when the jury could not agree on a verdict.

*Evans* held that "due process requires ... that an accused, upon timely request therefor, be afforded a pretrial lineup in which witnesses to the alleged criminal conduct can participate.... when eyewitness identification is shown to be in material issue and there exists a reasonable likelihood of mistaken identification which a lineup would tend to resolve. [Fn. omitted.]" (*Id.*, at p. 625.) Since the prosecution does not contend that appellant failed to make a showing sufficient to justify his request for a lineup, the question before this court is whether the motion was timely.

The majority concedes that appellant cannot be charged with being dilatory for the 30-day delay between his arraignment on February 13, 1979, and the filing of the motion for pretrial lineup at the pretrial conference on March 15, 1979. Appellant can hardly be faulted for his compliance with the local rule requiring that all pretrial motions be noticed for the pretrial conference. Nevertheless, the majority holds that appellant's motion for a pretrial lineup was untimely because no justification was presented for his failure to seek such a lineup in the municipal court. Quite the contrary is the case. The record before this court reveals a more than adequate explanation as to why the motion was not brought until after appellant's arraignment in superior court.

Appellant and his codefendant were arrested on December 30, 1978. The public defender was appointed to represent both of them on January 4, 1979. On January 18, the public defender declared a conflict of interest and private counsel was appointed to represent appellant. How can appellant be charged with being dilatory in failing to bring the motion for a pretrial lineup between January 4 and January 18, 1979, when the public defender, who would have had to bring the motion, was under an ethical obligation to refrain from representing appellant due to the conflict of interest! (See, e.g., Pen. Code, § 987.2; *Uhl* v. *Municipal Court* (1974) 37 Cal.App.3d 526, 529 [112 Cal.Rptr. 478].)

The preliminary hearing took place on January 30, 1979. Appellant's second attorney had only seven working days in which to prepare for the hearing. During that time, he would have had to (1) review the police reports; (2) interview appellant; (3) interview the three occupants of the car as well as any other persons attending the party who might have been able to substantiate his client's account of his activities on the night of the robbery; (4) interview the arresting officers, and, if possible, the victims and the codefendant; and (5) visit the area where the robbery occurred, to determine if eyewitness identification was a mate-

rial issue in the case and if there existed the reasonable likelihood of a mistaken identification that would justify a request for a pretrial lineup.

Moreover, this is not a case in which the value of a pretrial lineup was "substantially diminished" by events occurring at the preliminary hearing. Only one of the victims (Wilson) of the alleged robbery testified at the preliminary examination. While he identified appellant, who was dressed in a jail uniform and seated at the defense table with his attorney, Wilson was unable to identify with any certainty the codefendant, who was not in jail garb.

At the close of the preliminary hearing, the magistrate determined there was probable cause to hold the accused to answer and directed them to appear in the superior court on February 13, 1979. Whether or not there was then a "prejudicial gap in legal representation" (see maj. opn., *ante*, at p. 149), it is not at all clear that the magistrate thereafter had jurisdiction to entertain a motion for a pretrial lineup. (See, e.g., *People* v. *Bomar* (1925) 73 Cal.App. 372, 377 [238 P. 758] [after a holding order has been made "the magistrate has exhausted all the power in the premises with which he has been invested by law"]; *Holman* v. *Superior Court* (1981) 29 Cal.3d 480, 485-486 [174 Cal.Rptr. 506, 629 P.2d 14] [a magistrate has jurisdiction to order discovery *prior to* the preliminary hearing].) It is clear that the superior court did not have jurisdiction to entertain the motion prior to the filing of the information on February 13, 1979. (See, e.g., Pen. Code, §§ 737, 739; *In re Geer* (1980) 108 Cal.App.3d 1002, 1005-1006 [166 Cal.Rptr. 912].)

More importantly, *Evans* does *not* require a defendant to seek a pretrial lineup in the municipal court. *Evans* merely requires that "[s]uch [a] motion ... be made as soon after arrest *or* arraignment as practicable. [Italics added.]" (*Evans, supra,* 11 Cal.3d at p. 626.) The *Evans* case involved a request for a pretrial lineup made, *for the first time,* (1) *after a defendant's arraignment in superior court;* (2) *after* a defendant had been identified as being the person observed at the scene; and (3) *after* he had been identified at the preliminary hearing by one of the three witnesses who were present when the crime with which he was charged took place.

*Evans* goes on to note that "motions which are not made until shortly before trial should, unless good cause is clearly demonstrated, be denied in most instances by reason of such delay." (*Ibid.*) Why is this the rule? Not surprisingly, the reason given is *not* that the motion should be

made to the magistrate if at all possible. *Evans* had already approved the bringing of a motion before the magistrate *or* in the superior court. Instead, *Evans* informs us that "[d]ilatory or obstructive tactics made under the guise of seeking discovery but which tend to defeat the ends of justice ... necessarily [weigh] heavily on timeliness grounds against the granting of the motion ...." (*Ibid.*) No one has asserted or even suggested that by presenting his motion for a pretrial lineup for the first time in the superior court, at the first opportunity provided by the rules of the superior court, appellant was engaged in dilatory or obstructive tactics.

Finally, *Evans* speaks about the pretrial lineup in terms of its use as a discovery device. Lineups are requested to secure the knowledge to be gained therefrom "sufficiently in advance of trial" to enable the accused to prepare for trial. (*Ibid.*) Obviously, this may be achieved when the motion is made after the superior court arraignment. It is possible that there may be cases in which a court might reasonably conclude that a pretrial lineup held after the preliminary hearing would be of so little value that it should be denied. However, that is not the case here.

I would hold that the trial court abused its discretion in denying appellant's motion for a pretrial lineup.

**IBÁÑEZ, J.**\*—In all other respects I concur with the majority but respectfully disagree with its resolution of the issue of the timeliness of the motion for pretrial lineup. In this regard I concur with the dissent.

The robbery occurred on December 30, 1978. The stated motion was made on the date of appellant's arraignment, namely, February 13, and was calendared for March 14, 1979, the date set for pretrial.

When the issue of timeliness, *vel non*, is viewed in time increments between significant procedural steps and circumstances it is apparent, at least to me, that the motion was timely. For example, between January 4, and January 18, 1979, the public defender, representing the appellant, could not have made the motion. Ethical constraints prevented him from doing so because of a conflict of interest. On the latter date, and for that reason, the public defender was relieved and private counsel appointed.

---

\*Assigned by the Chairperson of the Judicial Council.

The next procedural step was the preliminary hearing, in which appellant was held to answer, and determined on January 30, 1979. It is not inconsistent with sound, ethical and responsible criminal defense practice to wait until after the preliminary hearing before taking certain affirmative steps in the preparation of the defense; I will add, steps which could assist the adversary. To wait until the arraignment to make the stated motion, in my opinion, would fall within the same category. Some leeway with respect to when such a motion ought properly to be made should be given to defense counsel to permit him to exercise his sound judgment as an advocate, consistent, of course, with the rules which apply.

The arraignment, a sigificant procedural step, was done on February 13, 1979. Of no less significance is the circumstance that on this date new counsel was appointed for appellant, who, as authorized by a local court rule, made the stated motion setting it for the pretrial date fixed by the court.

Based upon the foregoing facts and circumstances and for the reasons stated in the dissent, to which I join, I would reverse the order finding that the motion for pretrial lineup was untimely.

Appellant's petition for a rehearing was denied December 16, 1981. Kaus, J., did not participate therein. Bird, C. J., was of the opinion that the petition should be granted.