Hillsborough
No. 81-308

THE STATE OF NEW HAMPSHIRE

v.

JOSE VASQUEZ

October 14, 1982

*Gregory H. Smith*, attorney general (*Peter W. Mosseau*, assistant attorney general, on the brief, and *Richard C. Nelson*, assistant attorney general, orally), for the State.

*James E. Duggan*, appellate defender, of Concord, by brief and orally, for the defendant.

BOIS, J. The defendant, Jose Vasquez, appeals from a jury verdict finding him guilty of selling heroin in February 1980 and attempting to sell heroin in March 1980. *See* Laws 1977, 547:5 (current version at RSA 318-B:2 I (Supp. 1981)). The sole issue presented is whether the Superior Court (*Goode*, J.) committed reversible error in denying his motion for a pretrial lineup. We find no such error and affirm.

In early 1980, the New Hampshire State Police conducted an undercover drug investigation in the Manchester area. Two incidents form the basis of the defendant's convictions. On February 8, 1980, Trooper Bernie Sparks, who participated in the investigation as an undercover agent, purchased several packets of heroin from an individual whom he later identified as the defendant. Approximately one month later, on March 4, 1980, Trooper Sparks met with the same individual and discussed the possibility of purchasing additional heroin. Although the seller was willing to provide the heroin, the parties did not agree on the method for exchanging the money and drugs, and the second transaction was never consummated.

In April 1980, a grand jury returned two indictments against the defendant, charging him with selling and attempting to sell heroin. Approximately six months later, the defendant filed a motion for a pretrial lineup. At a hearing on the motion, counsel for the defendant argued that a lineup was necessary because problems concerning identification had arisen in cases against other individuals in the investigation and because Mr. Vasquez claimed he had never met with Trooper Sparks. The superior court denied the defendant's motion and trial was scheduled for July 1981. At trial, Trooper Sparks testified as to his alleged encounters with the defendant, and the jury returned convictions on both charges.

██ In this appeal, the defendant argues that the trial court erred in denying his motion for a pretrial lineup. We disagree. A defendant does not have an absolute constitutional right to a pretrial lineup. *United States v. Ostertag*, 619 F.2d 767, 771 (8th Cir. 1980); *see United States v. Robertson*, 606 F.2d 853, 857 (9th Cir. 1979). As the defendant acknowledges, the decision to grant a pretrial lineup generally falls within the sound discretion of the trial judge. *Id.; accord, State v. Boyd*, 280 S.E.2d 669, 681 (W. Va. 1981).

██ In seeking a pretrial lineup, a defendant must file his request within a reasonable period after his arrest or arraignment. *People v. Baines*, 635 P.2d 455, 458, 177 Cal. Rptr. 861, 864 (1981); *see State v. Anderson*, 308 N.W.2d 42, 48 (Iowa 1981). The ends of justice will not permit a defendant to delay his request in hopes that the passage of time might dull an eyewitness' memory. The defendant, moreover, has the burden of informing the trial court of the facts supporting his request, so that the court can make a reasoned determination. *See State In the Interest of W. C.*, 85 N.J. 218, 228, 426 A.2d 50, 55–56 (1981); *see also People v. Baines*, 635 P.2d at 458, 177 Cal. Rptr. at 864. He must show that identification

is a material issue and that a reasonable likelihood of mis-identification exists, which a lineup might resolve. *Id.*, 635 P.2d at 458, 177 Cal. Rptr. at 864; *Jackson v. United States*, 395 A.2d 99, 104 (D.C. 1978).

■ In this case, the defendant waited nearly six months from the date of his indictment before filing the motion for a pretrial lineup. He neither offered any reasons justifying the delay nor provided the trial judge with sufficient facts upon which to base a decision. As previously mentioned, he merely stated that "identification problems" existed in other cases and that he denied having met with Trooper Sparks. Given these facts, we hold that the trial court did not abuse its discretion in denying the defendant's motion.

Even assuming *arguendo* that the defendant had filed a timely motion and had furnished the court with sufficient information, we find on the evidence in this case that the trial judge could have rationally concluded that a reasonable likelihood of mistaken identification did not exist. Substantial evidence came in regarding the alleged February 8, 1980, meeting between the defendant and Trooper Sparks. The trooper testified that he and an informant had gone to a green apartment building on Varney Street in Manchester and had proceeded to apartment number nine, which had a mailbox containing the names Vasquez and Desrosiers. He stated that, in the entrance to the apartment, a set of stairs ran from the hallway down into the apartment. He further testified that the defendant referred to himself as "Junior," had dark hair and a mustache, was about five feet, eight inches tall, and weighed about one hundred fifty pounds. The trooper stated that he observed the seller closely, and that he was "absolutely positive" that the defendant was the person from whom he purchased the heroin.

Trooper Sparks testified, with respect to the alleged March 4, 1980, encounter, that the defendant, accompanied by a female companion, was driving a blue Grand Prix automobile and instructed Sparks to meet him in a nearby parking lot. According to the trooper's testimony, the defendant arrived at the lot ten minutes later and indicated that he had driven his female friend to work. The trooper stated that the cumulative length of both encounters was approximately ten minutes.

■ Much of the trooper's testimony was corroborated during the trial. The defendant and his girlfriend, Susan Desrosiers, testified that in February 1980, they lived together in apartment number nine on Varney Street. Miss Desrosiers stated that the apartment was located in a green building and that the entryway contained a set of stairs descending from the hallway. The testimony did not

indicate that anyone other than the defendant and Miss Desrosiers had access to the apartment on the date in question. In addition, the defendant acknowledged that Miss Desrosiers owned a blue Grand Prix automobile and that he sometimes drove her to work. Furthermore, he resembled the physical description given by Trooper Sparks and he admitted that his nickname was Junior. Viewing these facts as a whole, we cannot say that the trial judge's denial of the defendant's motion for a lineup would have constituted an abuse of discretion, even if the defendant had sufficiently described the circumstances of this case at the hearing on the motion.

██ Although we have reaffirmed the discretionary authority of trial judges in matters involving pretrial lineups, we urge all trial judges, as a matter of policy, to grant motions for pretrial lineups readily whenever this procedure might tend in any way to mitigate the likelihood of a potential misidentification. The pretrial lineup is an invaluable weapon in the protection of the rights of wrongly accused individuals and generally in the search for truth. *See Appeal of Maguire*, 571 F.2d 675, 677 (1st cir.), *cert. denied*, 436 U.S. 911 (1978); *Com. v. Sexton*, 400 A.2d 1289, 1292 (Pa. 1979). We encourage all trial courts to take full advantage of this procedure.

*Affirmed.*

All concurred.