[No. S090791. July 19, 2001.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIE ROSS MITCHELL, Defendant and Appellant.

## COUNSEL

Linn Davis, under appointment by the Supreme Court, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Susan D. Martynec, Scott A. Taryle and Russell A. Lehman, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**CHIN, J.**—In this case, we address the following question: If the Attorney General, in responding to a criminal defendant's appeal, points out a discrepancy between the trial court's judgment and the abstract of judgment, should the Court of Appeal order the trial court to correct the abstract of judgment or should it direct the Attorney General to ask the clerk of the trial court to make the correction? The Court of Appeal here took the latter course. We conclude that principle and practice dictate the former. We therefore reverse the Court of Appeal on this issue and remand the matter with appropriate directions.

### FACTUAL BACKGROUND

An information charged that in February 1997, defendant Willie Ross Mitchell committed the felonies of driving under the influence of alcohol (Veh. Code, § 23152, subd. (a)) and driving with a blood-alcohol concentration of more than .08 percent (Veh. Code, § 23152, subd. (b)). A second information charged that he again drove under the influence of alcohol in June 1997. Each information alleged that defendant had sustained three prior drunk driving convictions within the past five years, exposing him to punishment of at least 180 days in jail and revocation of his driver's license. The informations also alleged that he had sustained convictions in 1983 for

arson of an inhabited structure (Pen. Code, § 451, subd. (a))[1] and arson of a structure (§ 451, subd. (c)), which are "violent felonies" requiring sentence enhancement under the "Three Strikes" law.

At trial on a consolidated information, the jury convicted defendant of all three crimes charged and the trial court found true the allegations concerning his prior drunk driving and arson convictions. The court imposed under the Three Strikes law a 25-year-to-life prison sentence for the February 1997 drunk driving offense and a concurrent 25-year-to-life prison sentence for the separate contemporaneous offense of driving with an excessive blood-alcohol concentration. As to the June 1997 drunk driving offense, the court dismissed a strike and sentenced defendant as a second strike offender to a consecutive six-year prison term. The court also imposed restitution fines and penalty assessments. However, the abstract of judgment failed to reflect most of these fines and assessments, and the People did not seek correction of these omissions in the trial court.

Defendant appealed, raising various issues not pertinent here. In his appellate brief, the Attorney General pointed out the omissions in the abstract of judgment and asked the Court of Appeal to correct them. Specifically, at sentencing the trial court orally imposed and suspended a $10,000 parole revocation fine under Penal Code section 1202.45. The trial court also orally imposed $1,000 "fines . . . on count[s] 1 and 3" of the consolidated information because those counts "involve[d] driving under the influence."[2] It then stated, however, that defendant could "pay those [$1,000] fines by serving time in any penal institution at the rate of one day being the equivalent of $30." (See Veh. Code, § 42003, subd. (b).) The trial court also orally imposed penalty assessments on the $1,000 fines, which, as the Attorney General notes, triggered additional $1,000 state penalties under Penal Code section 1464 and $700 county penalties under Government Code section 76000. The abstract of judgment contained none of these fines and penalties. The Court of Appeal denied the Attorney General's correction request and instead directed him to ask the clerk in the trial court to make the corrections.

Both defendant and the Attorney General sought review in this court, the latter on the ground that the Court of Appeal erred in refusing to order

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

[2] The resulting minute order stated that defendant "is to pay a $1,000 fine pursuant to Vehicle Code section 23180." Defendant and the Attorney General agree, and the sentencing transcript confirms, that the trial court orally imposed two $1,000 fines, one for each current conviction of driving under the influence. Moreover, the applicable statute was not former Vehicle Code section 23180 (repealed by Stats. 1998, ch. 118, § 43, see now Veh. Code, § 23554), but former Vehicle Code section 23175 (repealed by Stats. 1998, ch. 118, § 41, see now Veh. Code, § 23550).

correction of the abstract of judgment. We denied defendant's petition but granted the Attorney General's.

DISCUSSION

■ "It is not open to question that a court has the inherent power to correct clerical errors in its records so as to make these records reflect the true facts. [Citations.] The power exists independently of statute and may be exercised in criminal as well as in civil cases. [Citation.] The power is unaffected by the pendency of an appeal or a habeas corpus proceeding. [Citation.] The court may correct such errors on its own motion or upon the application of the parties." (*In re Candelario* (1970) 3 Cal.3d 702, 705 [91 Cal.Rptr. 497, 477 P.2d 729].) Courts may correct clerical errors at any time, and appellate courts (including this one) that have properly assumed jurisdiction of cases have ordered correction of abstracts of judgment that did not accurately reflect the oral judgments of sentencing courts. (See, e.g., *People v. Boyde* (1988) 46 Cal.3d 212, 256 [250 Cal.Rptr. 83, 758 P.2d 25]; *People v. Baines* (1981) 30 Cal.3d 143, 150 [177 Cal.Rptr. 861, 635 P.2d 455]; *People v. Brown* (2000) 83 Cal.App.4th 1037, 1039, 1046-1047 [100 Cal.Rptr.2d 211]; *People v. Avila* (1999) 75 Cal.App.4th 416, 424 [89 Cal.Rptr.2d 320]; *People v. Kearns* (1997) 55 Cal.App.4th 1128, 1131, 1137 [64 Cal.Rptr.2d 654]; *People v. Williams* (1992) 10 Cal.App.4th 827, 835 [13 Cal.Rptr.2d 107]; *People v. Rowland* (1988) 206 Cal.App.3d 119, 123-124, 128 [253 Cal.Rptr. 190]; *People v. Hartsell* (1973) 34 Cal.App.3d 8, 13-14 [109 Cal.Rptr. 627].)

It is, of course, important that courts correct errors and omissions in abstracts of judgment. An abstract of judgment is not the judgment of conviction; it does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize. (*People v. Mesa* (1975) 14 Cal.3d 466, 471 [121 Cal.Rptr. 473, 535 P.2d 337].) However, section 1213 provides that when a court pronounces a judgment of probation or imprisonment in the state prison, either a certified copy of the minute order or a certified abstract of the judgment "shall be forthwith furnished to the officer whose duty it is to execute the probationary order or judgment, and no other warrant or authority is necessary to justify or require its execution." Under this statute, "the certified abstract of the judgment constitutes the commitment. [Citations.] It is thus the order sending the defendant to prison and 'the process and authority for carrying the judgment and sentence into effect.' [Citations.]" (*In re Black* (1967) 66 Cal.2d 881, 890 [59 Cal.Rptr. 429, 428 P.2d 293].)

■ In *People v. Hong* (1998) 64 Cal.App.4th 1071, 1080 [76 Cal.Rptr.2d 23] (*Hong*), the court applied these principles in holding that an abstract of

judgment must reflect a restitution fine a sentencing court has orally imposed under section 1202.4, subdivision (b). The *Hong* court reasoned that a restitution fine is part of the judgment and the Legislature intended the abstract of judgment to summarize the judgment. (*Hong, supra,* 64 Cal.App.4th at p. 1080.) The court stressed that its conclusion was "consistent with the unmistakable legislative intention that the Department of Corrections be apprised of the amount of the restitution fine so that it can fulfill its obligations to secure payment from inmates and parolees." (*Ibid.*) The court also held that where an abstract of judgment omits a restitution fine a sentencing court has orally imposed, "the Attorney General is entitled to seek on appeal to have the abstract of judgment corrected to reflect the judgment of the trial court . . . ." (*Ibid.*) In reaching this conclusion, the court noted that "[a]ppellate courts routinely grant requests on appeal of the Attorney General to correct errors in the abstract of judgment. [Citations.]" (*Id.* at p. 1075.) The court accordingly ordered the clerk of the superior court to prepare a corrected abstract of judgment incorporating the restitution fine. (*Id.* at pp. 1084-1085.)

█ Diverging from this common practice, the Court of Appeal here denied the Attorney General's correction request "without prejudice to the People's right to apply to the trial court clerk and if necessary the trial court for correction." The Court of Appeal first noted that an abstract of judgment "is not a judgment of conviction" or even "an order of the court," but is merely "a form prepared and signed by the *clerk* of the court" that "cannot add to or modify the judgment which it purports to digest or summarize." Therefore, the Court of Appeal continued, an error in the abstract of judgment "does not change the judgment" or "inject error" into it, but "is simply clerical error." The Court of Appeal then noted that such an error "is not appealable" because section 1238, which specifies the orders from which the People may appeal, "does not authorize appeal from an abstract of judgment" and appeal is not "generally available to correct trial court clerical errors." Instead, the Court of Appeal concluded, "[t]he proper remedy is to ask the trial court clerk to correct the error, followed, if necessary, by a motion in the trial court." "If the trial court denies a well-grounded motion to conform the abstract to the sentence, *then* there will be an 'order made after judgment' which may 'substantially affect the rights of the people' and thus be appealable. (Pen. Code, § 1238, subd. (a)(5).)"

We reject the implicit major premise of the Court of Appeal's analysis— that an appellate court may not correct clerical error the Attorney General identifies unless the People have a right to appeal from that error. As noted, a court—including an appellate court—that properly assumes or retains jurisdiction of a case "may correct such errors on its own motion or upon the

application of the parties." (*In re Candelario, supra,* 3 Cal.3d at p. 705.) Thus, the Court of Appeal here could have corrected clerical errors in the abstract of judgment without a request from either party. That the Attorney General actually made a request is of no consequence. The Court of Appeal needed no authority under section 1238 to order, at the Attorney General's request, correction of clerical errors in the abstract of judgment.

The Court of Appeal also asserted that its rule would serve judicial economy. According to the court, "[i]n the aggregate, the Court of Appeal will be spared dozens, hundreds, or even thousands of requests to conform abstracts to judgments. Trial court burdens will not be increased at all—trial courts must address and resolve the request to correct whether it arrives in the form of a motion by the People, or a remittitur from the Court of Appeal. Nor does the ruling significantly increase the People's burden. It is as easy for the Attorney General to send a short letter to the clerk requesting amendment of the abstract, with a copy of the sentencing transcript and the abstract, as it is to brief and argue the point in this court."

The Attorney General challenges this analysis. He contends the Court of Appeal's rule will, in fact, adversely impact trial courts because requiring a trial court to review the underlying record of a judgment it rendered months before is much more burdensome than requiring it simply to implement a correction an appellate court has ordered. Unlike an appellate court, which can review the abstract of judgment while reviewing the record of the case before it, a trial court would have to reopen the record of a past case. The Attorney General also disagrees that the Court of Appeal's rule will not "significantly increase the People's burden." He argues that, "[u]nlike simply requesting the Court of Appeal to order correction of the abstract in the respondent's brief, compliance with the procedure adopted by the Court of Appeal necessitates the preparation of a separate and additional document to be submitted to the trial court clerk as well as making and forwarding copies of the sentencing transcript and abstract. Moreover, the remedy dictated by the Court of Appeal itself expressly contemplates the prospect of further motions and proceedings in the trial court after an initial request is made to the clerk and, potentially, an additional appeal."

We conclude that at the very least, the Court of Appeal's judicial economy rationale is questionable and does not justify discontinuing the practice of having appellate courts order correction of clerical errors in abstracts of judgment, whether raised by the Attorney General or otherwise. Of course, a trial court may sometimes be in a better position than an appellate court to correct a particular error. For example, appellate courts have held that because trial courts have the duty (see § 2900.5) and are better suited to

calculate presentence custody credits, criminal defendants must ask trial courts to correct alleged errors in computing those credits. (See *People v. Salazar* (1994) 29 Cal.App.4th 1550, 1557 [35 Cal.Rptr.2d 221].) Section 1237.1 now codifies this division of labor. Other instances may also arise in which an appellate court concludes a trial court is better able to correct a certain type of error. But where, as here, the Attorney General identifies an evident discrepancy between the abstract of judgment and the judgment that the reporter's transcript and the trial court's minute order reflect, the appellate court itself should order the trial court to correct the abstract of judgment.

## DISPOSITION

The cause is remanded to the Court of Appeal with directions to order the trial court to correct the abstract of judgment to reflect imposition of a $10,000 parole revocation fine stayed upon successful completion of parole and two $1,000 fines pursuant to Vehicle Code former section 23175, in lieu of which defendant may serve time in a penal institution, with one day being equal to $30 pursuant to Vehicle Code section 42003, subdivision (b), plus penalty assessments pursuant to Penal Code section 1464 and Government Code section 76000.

George, C. J., Kennard, J., Baxter, J., Werdegar, J., and Brown, J., concurred.