Filed 8/28/13  P. v. Ledesma CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DONOVAN JOSEPH LEDESMA,<br><br>    Defendant and Appellant. | F065098<br><br>(Super. Ct. Nos. VCF254604D,<br>VCF246387)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Joseph A. Kalashian, Judge.

Candace Hale, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Stephen G. Herndon and Carlos A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Wiseman, Acting P.J., Kane, J. and Detjen, J.

In case No. VCF254604D, a jury convicted appellant, Donovan Joseph Ledesma, of first degree burglary (count 1/Pen. Code, §§ 459 & 460, subd. (b));[1] attempted home invasion robbery (count 2/§§ 664 & 211); robbery (count 3/§ 211); and assault with a deadly weapon (count 4/§ 245, subd. (a)). The jury also found true a great bodily injury enhancement (§ 12022.7, subd. (a)) in counts 3 and 4 and a personal use of a weapon enhancement (§ 12022, subd. (b)(1)) in count 4. In a separate proceeding, appellant admitted a serious felony enhancement (§ 667, subd. (a)) and allegations that he had a prior conviction within the meaning of the three strikes law (§ 1170.12, subd. (c)(1)).

On June 5, 2012, the court sentenced Ledesma to an aggregate term of 17 years: the middle term of four years on count 1, doubled to eight years because of Ledesma's prior strike conviction; a concurrent six-year term on count 2 (the middle term doubled); a consecutive two-year term (one third the middle term of three years doubled) and a one-year great bodily injury enhancement (one third of the three-year enhancement term) in count 3; a stayed six-year term on the substantive offense and stayed great bodily injury and arming enhancements in count 4; a five-year serious felony enhancement; and a consecutive one-year term (one third the middle term of three years) in case No. VCF246387.

On appeal, Ledesma: 1) asks us to conduct a *Pitchess*[2] review, and 2) contends that his abstract of judgment contains a clerical error. We will conduct the requested review, correct Ledesma's abstract of judgment, and affirm the judgment.

## FACTS

On July 4, 2011, around dusk, Ledesma and two other men forced their way into an apartment in Visalia. Before leaving, the three men fought with the two occupants of the apartment, striking them with a bat.

---

[1]     Unless otherwise indicated, all further statutory references are to the Penal Code.

[2]     *Pitchess v. Superior Court* (1974) 11 Cal.3d 531.

Later that evening, Ledesma and the two men approached a man on the street from behind, struck him with a bat, knocking him unconscious, and took several items from him, including a cell phone.

At the time of these incidents, Ledesma was on probation for a robbery conviction that arose out of an incident on December 23, 2010 (case No. VCF246387).

## DISCUSSION

### The Pitchess Motion

On January 13, 2012, Ledesma's codefendant filed a *Pitchess* motion to discover information relating to complaints against Officer Kenneth Smythe, including the names, addresses, and telephone numbers for all persons who have filed complaints against the officer. On January 19, 2012, Ledesma joined in the motion.

On February 24, 2012, the trial court found good cause to review the requested records but following an in camera review found there were no discoverable records.[3]

Under *Pitchess*, *supra*, 11 Cal.3d at pages 537-538, and Evidence Code sections 1043 and 1045, a defendant may file a motion for discovery of certain personnel records concerning police officers, when those records are material to the defense of a pending criminal prosecution. Upon a proper showing of good cause by the defendant, the court is required to review the personnel records in camera and order disclosure of appropriate records. (See *People v. Mooc* (2001) 26 Cal.4th 1216, 1219-1220.) Here, the court conducted that review and did not order disclosure of any records to Ledesma or his codefendant. The court, as required, ordered the record of its in camera review, and the records themselves, sealed.

---

[3] Officer Smythe worked as an investigator for the Tulare County District Attorney's Office prior to working for the Visalia Police Department. During the in camera hearing, the trial court examined records from the police department and the district attorney's office.

On this appeal, Ledesma requests this court conduct its own review of the in camera hearing and of the personnel records to determine whether the trial court abused its discretion in determining that no records were discoverable. (See *People v. Hughes* (2002) 27 Cal.4th 287, 330.) Respondent concurs that such review is appropriate in the present case.

We have reviewed the reporter's transcript of the in camera hearing of February 24, 2012, and the records of Officer Smythe, which were submitted to the trial court under seal. Based upon such review, we conclude there is nothing in the officer's sealed file that is relevant to the matters Ledesma sought to discover. Further, based on our review of the sealed reporter's transcript of the in camera hearing, we conclude the trial court properly discharged its duty with respect to Ledesma's motion.

### Ledesma's Abstract of Judgment

Ledesma contends his abstract of judgment erroneously indicates the five-year serious felony enhancement on count 1 was imposed pursuant to section 667.5, subdivision (a)(1). Respondent concedes. We agree although we found additional errors in the abstract.

An appellate court may correct an abstract of judgment that does not accurately reflect the trial court's oral pronouncement of judgment. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

In case No. VCF246387, Ledesma was convicted by plea of second degree robbery on March 3, 2011. However, Ledesma's abstract of judgment erroneously indicates in section 1 that he was convicted in that case on April 20, 2012.

Section 2 of Ledesma's abstract of judgment states that section is for listing enhancements found to be true that are tied to specific counts. Arming enhancements are enhancements that are tied to particular counts. (*People v. Nguyen* (1988) 204 Cal.App.3d 181, 195-196.) Section 2, however, erroneously fails to list the arming enhancement the court stayed in count 4.

4

Additionally section 3 is for listing enhancements for "prior convictions and prison terms," such as serious felony enhancements. Section 3 indicates the trial court imposed an enhancement of five years pursuant to section 667.5, subdivision (a)(1) and a serious felony enhancement pursuant to section 667, subdivision (a)(1) that was stayed. However, these entries are incorrect because the court imposed only one enhancement for "prior convictions and prison terms," i.e., a serious felony enhancement, and it did not stay that enhancement.

## DISPOSITION

The trial court is directed to prepare an amended abstract of judgment that: 1) indicates in section 1 that in case B (No. VCF246387) Ledesma was convicted of second degree robbery on March 3, 2011; 2) in section 2 lists the arming enhancement in count four that the court stayed; and 3) in section 3 lists only the unstayed, five-year serious felony enhancement pursuant to section 667, subdivision (a)(1) the court imposed in this matter. The trial court shall also forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.