Filed 10/7/13  P. v. Rogers CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>                v.<br><br>RONALD EUGENE ROGERS,<br><br>        Defendant and Appellant. | F065982<br><br>(Super. Ct. No. F12903935)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Alan M. Simpson, Judge.

Deborah Prucha, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Levy, Acting P.J., Kane, J. and Franson, J.

Defendant Ronald Eugene Rogers contends on appeal that the abstract of judgment in his case does not reflect the trial court's oral pronouncement of sentence. The People agree.

Defendant pled no contest to possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and admitted a prior strike conviction. The trial court sentenced him to 16 months, doubled to 32 months because of the prior strike conviction. The court imposed a $240 fine pursuant to section 1202.4,[1] an additional $240 suspended fine pursuant to section 1202.45, a $296 probation report fee, and a few other fees. The abstract of judgment includes $480 fines, rather than $240 fines, pursuant to sections 1202.4 and 1202.45. And, as the People note, the $296 probation report fee does not appear on the abstract.

When there is a discrepancy between the trial court's oral pronouncement rendering judgment and the abstract of judgment, the oral pronouncement controls; we presume any inconsistency is the result of clerical error and rely upon the oral pronouncement contained in the reporter's transcript. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185-186.) Accordingly, the abstract of judgment must be corrected to reflect the oral pronouncement of judgment.

## DISPOSITION

The clerk of the superior court is directed to correct the abstract of judgment to reflect a $240 fine pursuant to section 1202.4, a suspended $240 fine pursuant to section 1202.45, and a $296 probation report fee. The clerk is directed to send a copy of the corrected abstract to the Department of Corrections and Rehabilitation. As so corrected, the judgment is affirmed.

---

[1] All statutory references are to the Penal Code unless otherwise noted.

2.