Filed 2/20/15  P. v. Valencia CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JULIAN CHRISTOPHER VALENCIA, SR.,<br><br>    Defendant and Appellant. | F068374<br><br>(Super. Ct. No. F13902102)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Glenda Allen-Hill, Judge.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Charity S. Whitney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P.J., Franson, J. and Peña, J.

Defendant Julian Christopher Valencia, Sr. contends on appeal that the minute order does not accurately reflect the court's oral pronouncement of judgment. The People concede and we agree. Accordingly, we will order correction of the minute order.

At the sentencing hearing on October 1, 2013, the trial court granted probation and, among other things, awarded credit as follows: "179 actual days, 178 good time/work time days, *34 treatment days* for a total of 391 days." (Italics added.) The minute order summarizing this proceeding failed to reflect the treatment days awarded, stating: "Credit for time served 391, actual 179, goodtime/worktime 178, *treatment 0*." (Italics added.)

The parties agree that the minute order must be corrected to reflect the sentence as orally pronounced by the trial court. "[A] trial court's oral sentence governs if it is different from what appears in a minute order or an abstract of judgment [citations]." (*People v. Wynn* (2010) 184 Cal.App.4th 1210, 1221; *People v. Mitchell* (2001) 26 Cal.4th 181, 185 [courts may correct clerical errors at any time and may order correction of abstracts of judgment that do not accurately reflect oral judgments of sentencing courts].) Accordingly, the minute order must be corrected to reflect the trial court's oral pronouncement awarding 34 treatment days.

## DISPOSITION

The trial court is directed to correct the sentencing minute order to reflect an award of 34 treatment days, and to forward a certified copy to the appropriate entities. In all other respects, the judgment is affirmed.