Filed 10/12/21  P. v. Delcid CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E076476 |
| v. | (Super.Ct.No. RIF135543) |
| RAUL EDUARDO DELCID, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  David A. Gunn, Judge.

Affirmed with directions.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and

Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney

General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Anthony Da

Silva, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Raul Eduardo Delcid appeals from an order, issued after briefing and a hearing at which defendant was represented by counsel, denying his petition to vacate his attempted murder conviction pursuant to Penal Code[1] section 1170.95. Defendant argues the trial court erred in denying his petition since the provisions of Senate Bill No. 1437 apply to defendants convicted of attempted murder. We disagree and affirm the trial court's order.

I

PROCEDURAL BACKGROUND[2]

In 2009, a jury convicted defendant of premeditated murder (§ 187, subd. (a); count 1), premediated attempted murder (§§ 664/187 subd. (a); count 2), and active participation in a criminal street gang (§ 186.22, subd. (a); count 3). As to counts 1 and 2, the jury found true the allegations that defendant committed the offenses for the benefit of a criminal street gang (§ 186.22, subd. (b)). Defendant was sentenced to a total term of 25 years to life in prison.

Defendant subsequently appealed. In his direct appeal, defendant argued that, among other things, the natural and probable consequences theory of aiding and abetting violates due process, there was insufficient evidence that the murder or attempted murder was a natural and probable consequence of the target offense of disturbing the peace, and

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

[2] The facts underlying defendant's crimes are not relevant to the legal issues before us; they are set forth in defendant's earlier direct appeal, in *People v. Delcid* (Apr. 29, 2010, E048290) [nonpub. opn.].

the prosecutor misstated the natural and probable consequences doctrine in closing argument. Aside from the imposition of certain fees, this court rejected those arguments and affirmed defendant's convictions in 2010.

On March 27, 2017, pursuant to *People v. Chiu* (2014) 59 Cal.4th 155, the trial court resentenced defendant to 15 years to life on count 1 and deemed the murder to be second degree murder.

Effective January 1, 2019, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), which amended sections 188 and 189 to limit liability for felony murder and abrogate the natural and probable consequences doctrine as applied to murder. (Stats. 2018, ch. 1015.) The measure also added section 1170.95, which allows defendants convicted of murder under these theories of homicide liability to petition to vacate their convictions and to be resentenced. (Stats. 2018, ch. 1015, § 4.)

Following the enactment of Senate Bill 1437, defendant filed a petition for resentencing as to his murder conviction under section 1170.95. Defendant checked the boxes indicating that he was "convicted of 1st or 2nd degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine" and that he "could not now be convicted of 1st or 2nd degree murder because of changes to" section 188.

On February 14, 2020, the People agreed to resentencing on the murder count, and the trial court issued an order to show cause as to why defendant should not be resentenced under section 1170.95.

3

On October 15, 2020, the People filed a response to the order to show cause and recommendation for resentencing. The People agreed that defendant was entitled to have his murder conviction vacated, the underlying target offense of assault with force likely to cause great bodily injury (§ 245, subd. (a)(1)) imposed, and be resentenced on the remaining charges and enhancements.

Following further briefing by the parties, a hearing on defendant's petition was held on January 14, 2021. Defense counsel noted that "the current state of the law as it is right now is that [Senate Bill] [ ] 1437 does not apply to attempted murder." The trial court agreed and stated, "it doesn't completely make logical sense." Defense counsel explained, "In this particular case, since [defendant] was not the actual perpetrator of the stabbing or the intent of the actual stabbing of the victim, or the killing of the other victim, based upon the circumstances and the way the law is, he's exonerated of the murder of the one individual, but he's being convicted of attempted murder of the other." After further argument, the trial court vacated the second degree murder conviction and found that defendant was convicted of violating section 245, subdivision (a)(1), as the target offense. The court vacated defendant's sentence and resentenced defendant to a total term of 15 years to life as follows: 15 years to life for the attempted murder (count 2), plus a five-year concurrent term for the gang enhancement attached to that offense; a concurrent term of three years for the assault, plus a five-year concurrent term

for the gang enhancement attached to the offense; and a concurrent term of two years for the gang participation offense (count 3).**3**

## II

## DISCUSSION

Defendant argues the matter should be remanded because section 1170.95 applies to persons convicted of attempted murder. He reasons he is entitled to further proceedings because his attempted murder conviction was based on the natural and probable consequences theory of liability and the legislative history of Senate Bill 1437 supports his position.**4**

---

**3** We note that the superior court's January 14, 2021 minute order and the February 5, 2021 abstracts of judgment incorrectly indicate sentences on the gang enhancements were stricken. We will order the superior court to correct the clerical errors in these documents. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185-186 [When there is a discrepancy between the oral pronouncement of a sentence and the minute order or the abstract of judgment, the oral pronouncement controls; appellate courts may order correction of abstracts of judgment that do not accurately reflect the oral judgments of sentencing courts.].)

**4** Alternatively, defendant requests that we wait for the Supreme Court to render its decision in *People v. Lopez*, S258175, Supreme Court Minutes, November 13, 2019, 2019 Cal. Lexis 8414. The question in *Lopez* is whether a person convicted of attempted murder under a natural and probable consequences doctrine is eligible for resentencing under section 1170.95. (*Ibid*.) Because it is unknown when the Supreme Court will render its decision in *Lopez*, we decline defendant's request to wait to resolve this appeal until the Supreme Court has determined the issue. We also decline defendant's invitation to evaluate his claim in light of Senate Bill No. 775, the bill which is in the process of clarifying the scope of section 1170.95.

" 'When we interpret statutes, our primary task is to determine and give effect to the Legislature's purpose in enacting the law.'  [Citation.]"  (*People v. Flores* (2020) 44 Cal.App.5th 985, 992.)  We independently review questions of statutory interpretation.  In interpreting a statute, our " 'fundamental task . . . is to determine the Legislature's intent so as to effectuate the law's purpose.' "  (*People v. Ruiz* (2018) 4 Cal.5th 1100, 1105.)  We first examine the statute's words themselves, giving them their usual and ordinary meaning, since the statutory language is generally the most reliable indicator of the Legislature's intent.  (*Ibid.*)  " 'If the language [of a statute] is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend.'  [Citation.]"  (*People v. Flores*, at p. 992.)

As previously noted, effective January 1, 2019, Senate Bill 1437 amended murder liability under the felony murder and natural and probable consequences theories.  The bill redefined murder under section 188 to require that the principal acted with malice aforethought.  Now, "[m]alice shall not be imputed to a person based solely on his or her participation in a crime."  (§ 188, subd. (a)(3).)  The bill also amended section 189 to provide that a defendant who was not the actual killer and did not have intent to kill is not liable for felony murder unless he or she "was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."  (§ 189, subd. (e)(3).)

6

Senate Bill 1437 also enacted section 1170.95, which authorizes "[a] person convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's *murder conviction* vacated and to be resentenced on any remaining counts" (italics added) so long as three conditions are met: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of *first degree or second degree murder* following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. [¶] (3) The petitioner could not be convicted of *first or second degree murder* because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(1)-(3), italics added.) Inter alia, the petition must be supported by a declaration stating the defendant "is eligible for relief . . . based on all the requirements of subdivision (a)." (§ 1170.95, subd. (b)(1)(A).)

Numerous courts, including this court, have analyzed the language of section 1170.95, subdivision (a), and found it inapplicable to challenges by defendants convicted of attempted murder. (See *People v. Harris* (2021) 60 Cal.App.5th 557, 565, review granted Apr. 21, 2021, S267529 (*Harris*); *People v. Lopez* (2019) 38 Cal.App.5th 1087, 1104-1105, review granted Nov. 13, 2019, S258175 (*Lopez*); *People v. Munoz* (2019) 39 Cal.App.5th 738, 754-756, review granted Nov. 26, 2019, S258234 (*Munoz*);

*People v. Medrano* (2019) 42 Cal.App.5th 1001, 1008, 1018, review granted Mar. 11, 2020, S259948 (*Medrano*).)

The Courts of Appeal have taken varying views as to the effect of Senate Bill 1437 on attempted murder, "with some courts holding that Senate Bill 1437 does not apply to attempted murder at all, some holding that it applies only prospectively, and some holding that it applies both prospectively and retroactively to nonfinal convictions. (See *People v. Love* (2020) 55 Cal.App.5th 273, 278-279, review granted Dec. 16, 2020, S265445 [summarizing the split of authority].)" (*Harris*, *supra*, 60 Cal.App.5th at p. 565; see *Medrano*, *supra*, 42 Cal.App.5th at p. 1013 ["Because malice cannot be imputed to a defendant who aids and abets a target offense without the intent to kill, the natural and probable consequences doctrine is no longer a viable theory of accomplice liability for attempted murder."]; *People v. Larios* (2019) 42 Cal.App.5th 956, 968, review granted Feb. 26, 2020, S259983 (*Larios*) ["Senate Bill 1437's abrogation of the natural and probable consequences doctrine as stated in section 188, subdivision (a)(3) necessarily applies to attempted murder."]; *People v. Sanchez* (2020) 46 Cal.App.5th 637, 644, review granted June 10, 2020, S261768 [court concluded Senate Bill 1437 abrogated the natural and probable consequences doctrine in attempted murder prosecutions and that it applied retroactively on direct appeal].)

However, this "split of authority is irrelevant in the present case because [defendant's] attempted murder conviction is final," and "[n]o court has held that Senate Bill 1437 applies retroactively to final convictions of attempted murder." (*Harris*, *supra*,

60 Cal.App.5th at p. 565.) As the parties acknowledge, the issue is currently pending in the California Supreme Court and the issue will ultimately be resolved there. (See, e.g., *Lopez*, *supra*, 38 Cal.App.5th 1087.) Until the Supreme Court decides this issue, we agree with our holding in *Harris* and similar such cases. (See, e.g., *People v. Alaybue* (2020) 51 Cal.App.5th 207, 222-225 (*Alaybue*); *People v. Dennis* (2020) 47 Cal.App.5th 838, 844-846, review granted July 29, 2020, S262184; *Munoz*, *supra*, 39 Cal.App.5th at pp. 753-759.) These cases fully address all the arguments defendant has advanced here, and we need not repeat the analyses in these cases here but adopt their reasoning.

We discern that the conclusion this court and the other courts have reached is consistent with the plain language of section 1170.95, which allows a petitioner to seek only "to have [his or her] murder conviction vacated and to be resentenced on any remaining counts. . . ." (§ 1170.95, subd. (a).) Subdivision (d)(1) of section 1170.95 permits the trial court to conduct a hearing "to determine whether to vacate the murder conviction" and subdivision (d)(2) similarly refers only to a "murder conviction." Because the statute does not refer to attempted murder, the plain language refutes defendant's arguments that the Legislature intended section 1170.95 to apply to attempted murder. (*Lopez*, *supra*, 38 Cal.App.5th at pp. 1104-1105.)

As explained in *Larios*, "[t]he plain language of section 1170.95, subdivision (a) limits relief to persons 'convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court . . . .' No language in section 1170.95 references relief to persons convicted of attempted murder." (*Larios*,

9

*supra*, 42 Cal.App.5th at p. 969.)  As further explained by the court in *Alaybue*, "[t]he repeated references to murder convictions in section 1170.95, as opposed to attempted murder convictions, make clear that Senate Bill 1437's ameliorative benefit was meant to reach only the completed offense of murder, not the distinct offense of attempted murder."  (*Alaybue*, *supra*, 51 Cal.App.5th at p. 223.)

Because the plain language of the statute is unambiguous, we need not address the legislative history.  Moreover, every appellate court that has considered the legislative history of Senate Bill 1437 has concluded that it evinces the Legislature's intent to provide resentencing relief only for individuals convicted of murder and not attempted murder.  (*Alaybue*, *supra*, 51 Cal.App.5th at pp. 223-224; *Dennis*, *supra*, 47 Cal.App.5th at pp. 845-846; *Medrano*, *supra*, 42 Cal.App.5th at pp. 1017-1018; *Larios*, *supra*, 42 Cal.App.5th at pp. 969-970; *Munoz*, *supra*, 39 Cal.App.5th at pp. 763-764; *Lopez*, *supra*, 38 Cal.App.5th at p. 1105.)

Courts of Appeal have also articulated several plausible rationales for the Legislature's choice in not including attempted murder within the scope of section 1170.95.  (See, e.g., *Larios*, *supra*, 42 Cal.App.5th at p. 970 [Legislature's decision to exclude relief for attempted murder convictions can be rationalized "based on judicial economy and the financial costs associated with reopening both final murder and final attempted murder convictions"]; *Alaybue*, *supra*, 51 Cal.App.5th at p. 225 ["Because the punishment for murder is so much more severe than the punishment for attempted murder, the Legislature may have wished to limit Senate Bill 1437's

10

ameliorative reforms to those instances where it perceived the disconnect between culpability and punishment to be most glaring."]; *Lopez*, *supra*, 38 Cal.App.5th at pp. 1111-1112 [disparity in culpability and financial costs are rational reasons for limiting sentencing reform to murder convictions]; *Munoz*, *supra*, 39 Cal.App.5th at p. 765 ["balancing the costs involved, the fact the penalties for attempted murder are less severe than for murder, and the length of prison terms mandated for many potentially relevant felonies," Legislature could have rationally decided to extend relief to those convicted of murder, but not attempted murder].)

Although limiting resentencing relief to certain murder convictions may result in harsher sentences for defendants convicted of attempted murder, this is not mandated by the statute, and we do not find such a result to be so absurd it warrants the extraordinary act of judicially amending the plain language of the statute.  Ultimately, any concern regarding the "potentially inequitable operation of section 1170.95 lies with the Legislature.  If the Legislature concludes it is unwise or inequitable to exclude attempted murderers from Senate Bill 1437's reach, it has only to amend the law."[5]  (*Munoz*, *supra*, 39 Cal.App.5th at p. 760.)

---

[5]  As defendant points out, the Legislature is in the process of amending section 1170.95.  (Senate Bill No. 775, California 2021-2022 Regular Session ["This bill would expand the authorization to allow a person who was convicted of murder under any theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or who was convicted of manslaughter when the prosecution was allowed to proceed on a theory of felony murder or murder under the natural and probable consequences doctrine, to apply to have their sentence vacated and be resentenced if, among other things, the complaint, information, or indictment was filed to allow the

*[footnote continued on next page]*

11

III

DISPOSITION

The trial court is directed to issue an amended abstract of judgment and to correct its January 14, 2021 minute order to reflect concurrent terms for the gang enhancements attached to the attempted murder and assault offense. The trial court is also directed to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:


MILLER
J.


FIELDS
J.

prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine."].)