Filed 10/6/14  In re Ricardo P. CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| In re RICARDO P., a Person Coming Under the Juvenile Court Law. | B252205<br>(Los Angeles County<br>Super. Ct. No. VJ43010) |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>RICARDO P.,<br><br>        Defendant and Appellant. | |

        APPEAL from an order of the Superior Court of Los Angeles County, Kevin Brown, Judge.  Vacated and remanded with directions.

        Esther R. Sorkin, under appointment by the Court of Appeal, for Defendant and Appellant.

        Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Analee J. Brodie, Deputy Attorney General, for Plaintiff and Respondent.

_____

The juvenile court found Ricardo P. to be a habitual truant and placed him home on probation. We affirm the disposition as orally pronounced, but remand for correction of clerical errors in the disposition order.

## PROCEDURAL BACKGROUND

Welfare and Institutions Code section 601, subdivision (b) provides that "[i]f a minor has four or more truancies within one school year, as defined in [Education Code] section 48260," or if "a school attendance review board . . . determines that the available public and private services are insufficient or inappropriate to correct the habitual truancy of the minor, . . . or if the minor fails to respond to directives of a school attendance review board . . . , the minor is then within the jurisdiction of the juvenile court which may adjudge the minor to be a ward of the court."

In December 2012, the Los Angeles County District Attorney filed a petition alleging Ricardo, then 13 years old, came within the provisions of Welfare and Institutions Code section 601 as a habitual truant. The petition identified eight days in the fall of 2012 during which he was absent or tardy without valid excuse (count 1), and also alleged Ricardo and his parents had been referred to the school attendance review board in May 2011 (count 2) and to the district attorney's mediation program in April 2012 (count 3), all to no effect. Following a jurisdiction hearing, the juvenile court sustained the petition and found Ricardo was a person described in Welfare and Institutions Code section 601. At the conclusion of the disposition hearing, the court declared Ricardo a ward of the court and ordered him home on probation.

## DISCUSSION

Ricardo contends, and the People acknowledge, that contrary to the reporter's transcript, the preprinted minute order entered after the August 28, 2013 jurisdiction and disposition hearings incorrectly reflects the juvenile court declared the offenses alleged in "counts 1, 2 and 3" to be "misdemeanor[s]." Additionally, the boxes reading, "Minor is declared a ward of the Court pursuant to Section 602 WIC," "Custody of minor is taken from the parents or guardians," and "Minor is placed in the care, custody and control of the Probation Officer" were erroneously checked. We order the juvenile court to correct

2

these clerical errors on remand.  (See *People v. Farell* (2002) 28 Cal.4th 381, 384, fn. 2 [record of court's oral pronouncement controls over clerk's minute order]; *People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

## DISPOSITION

We affirm the disposition as orally pronounced at the hearing, vacate the inconsistent order of August 28, 2013 and remand the matter for the juvenile court to conform the order to the juvenile court's oral pronouncement.

**WOODS, J.**

**We concur:**

**PERLUSS, P. J.**

**ZELON, J.**

3