Filed 11/10/14  P. v. McKee CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

| | |
|---|---|
| THE PEOPLE, | C076335 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 13F6885 & 13F7710) |
| v. | |
| DANNY WAYNE McKEE, | |
| Defendant and Appellant. | |

Defendant pled no contest to assault by means likely to produce great bodily injury.  (Pen. Code, § 245, subd. (a)(4).)[1]  The trial court sentenced him to a two-year state prison term.

On appeal, he contends there are errors in the minute order of his sentencing hearing.  We find there is no error in the relevant minute order and affirm.

---

[1] Undesignated statutory references are to the Penal Code.

1

BACKGROUND

We dispense the facts of defendant's crime as they are unnecessary to resolve this appeal.

At the sentencing hearing, the trial court asked, "is attorney time being requested?" Private counsel replied five hours and the public defender said three hours. The court responded, "that's $300 [for private counsel]. It's $180 for the public defender. That will be based on Mr. McKee's ability to pay." The trial court did not order defendant pay any of the cost for appointed counsel.

The minute order states the value of attorney services for private counsel is $300 and $180 for the public defender. It does not show that the trial court ordered defendant to pay any part of the cost of appointed counsel. A form titled "Notice, Findings and Order for Reimbursement for Indigent Defense," states the same value of services for private counsel and the public defender, but the sections related to defendant being found able to pay and ordered to pay for the cost of indigent defense are left blank. The abstract does not show that defendant was ordered to pay all or part of the cost of his defense.

DISCUSSION

When the defendant receives legal assistance through appointed private counsel or by a public defender, the trial court may hold a hearing to determine his ability to pay for counsel "within six months of the conclusion of the criminal proceedings." (§ 987.8, subd. (b).) "If the court determines that the defendant has the present ability to pay all or a part of the cost, the court shall set the amount to be reimbursed and order the defendant to pay the sum to the county in the manner in which the court believes reasonable and compatible with the defendant's financial ability." (§ 987.8, subd. (e).)

Invoking the appellate court's inherent power to correct clerical errors (*People v. Mitchell* (2001) 26 Cal.4th 181, 185-186), defendant contends the minute order should be corrected to show that the trial court made a finding that defendant did not have an ability

to pay for the cost of his indigent defense and that it did not order him to make such a payment.

Defendant is incorrect. The trial court does not have to find whether defendant is able to pay or determine whether to order defendant to pay the cost of representation at the sentencing hearing, having six months from the conclusion of the case to make those determinations. The minute order correctly reflected the court's findings regarding the value of the services of appointed private counsel and the public defender. If the court subsequently chose to inquire into defendant's ability to pay, and upon finding that defendant could pay, ordered him to pay for the cost of counsel, these findings would be relevant. As there is no correction to make, we reject defendant's contention.

DISPOSITION

The judgment is affirmed.

                             BLEASE            , Acting P. J.

We concur:

       HULL            , J.

       MURRAY         , J.

3