Filed 6/29/15  P. v. Tapp CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B252643 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA089089) |
| v. | |
| KEVIN TAPP, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Arthur H. Jean, Jr., Judge.  Affirmed as modified.

Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Margaret E. Maxwell and Stephanie C. Brenan, Supervising Deputy Attorneys General, for Plaintiff and Respondent.

————————————

On September 28, 2011, a jury convicted Kevin Tapp of assault with a deadly weapon, a car, or by force likely to produce great bodily injury, in violation of Penal Code section 245, subdivision (a)(1),[1] and disobeying a domestic relations court order in violation of section 273.6, subdivision (a). After a court trial, the trial court found true allegations of prior convictions and prison terms, including allegations that Tapp had suffered two prior serious or violent felony convictions. One of those convictions was in 1993, for negligent discharge of a firearm, in violation of section 246.3; the other was in 1999, for willful infliction of corporeal injury on his spouse. Tapp was sentenced to a third strike term of 25 years to life in state prison for the assault conviction, with a concurrent sentence of one year in county jail for disobeying a domestic relations order.

Tapp appealed, and this court reversed the trial court's true finding that his section 246.3 conviction was for a serious or violent felony, because there was not substantial evidence that Tapp personally used a gun in the commission of his negligent discharge offense. We vacated Tapp's sentence, and remanded for a retrial if the prosecutor elected to retry the allegation, and for resentencing. (*People v. Tapp* (Dec. 21, 2012, B236715) [nonpub.opn.].)

On remand, no retrial occurred. The trial court resentenced Tapp as a "second striker" to 17 years in state prison: eight years on the assault conviction (the four-year high term, doubled), enhanced by nine years (five years for the serious felony enhancement under section 667, subdivision (a)(1), and four one-year terms for prior prison term enhancements under section 667.5, subdivision (b)); and a concurrent one-year jail sentence for disobeying the domestic relations order. The court also ordered the abstract of judgment to be revised to state that the conviction was for "assault with a deadly weapon, to wit, a car, or by force likely to produce great bodily injury." The amended abstract of judgment filed June 18, 2013, stated that Tapp had been convicted of "ASSAULT WITH A DEADLY WEAPON."

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

Tapp filed this appeal from the resentencing after we granted him permission to file a belated notice. While the appeal was pending and before Tapp filed his opening brief, the trial court held a hearing on June 9, 2014, and granted Tapp's motion to correct his sentence. The court awarded credits to Tapp, struck a one-year prior prison term enhancement imposed in addition to a five-year serious felony conviction enhancement on his 1999 prior conviction, and ordered, as to the verdict on Tapp's assault conviction, that the abstract of judgment "reflect the actual verbiage on the verdict form," stated in court as "assault with deadly weapon, to wit, a car, or by force likely to produce great bodily injury." A second amended abstract of judgment was filed on July 2, 2014, reflecting a 16-year sentence and stating that the assault conviction was for "ASSAULT W/DEADLY WEAPON LIKELY TO PRODUCE GBI."

Tapp's sole claim in the current appeal is that the second amended abstract of judgment should once again be corrected, and respondent concedes that further amendment is required. First, the second amended abstract imposes, rather than one five-year serious felony enhancement under section 667, subdivision (a)(1), five one-year terms for that enhancement. The abstract must be corrected to delete the five one-year enhancements and insert one five-year serious felony enhancement. Second, the language describing Tapp's assault conviction must be changed to the language ordered by the trial court as reflected in the reporter's transcript: "Assault with deadly weapon, to wit, a car, or by force likely to produce great bodily injury." (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

## DISPOSITION

We direct the trial court to modify the abstract of judgment as follows:  The five one-year enhancements under Penal Code section 667, subdivision (a)(1) shall be deleted, and one five-year serious felony enhancement under Penal Code section 667, subdivision (a)(1) shall be inserted in its place.  The description of Kevin Tapp's conviction under Penal Code section 245, subdivision (a)(1) shall be modified so as to accurately reflect the language ordered by the trial court exactly as in the reporter's transcript:  "Assault with deadly weapon, to wit, a car, or by force likely to produce great bodily injury."  The superior court is directed to prepare an amended abstract of judgment reflecting these modifications and forward a copy to the Department of Corrections and Rehabilitation.  As modified, the judgment of conviction is affirmed.

NOT TO BE PUBLISHED.

JOHNSON, J.

We concur:

ROTHSCHILD, P. J.

BENDIX, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4