Filed 2/23/21  P. v. Davis CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>          v.<br><br>CURTIS MICHAEL DAVIS,<br><br>    Defendant and Appellant. | F078534<br><br>(Super. Ct. No. F18902590)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County.  Timothy A. Kams, Judge.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and R. Todd Marshall, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Appellant Curtis Michael Davis appeals following his conviction of first degree murder (Pen. Code, § 187, subd. (a))[1] with the special circumstance that he used a deadly and dangerous weapon. (§ 12022, subd. (b)(1).)[2] Appellant challenges his conviction on two grounds, arguing the People did not disprove his claim of imperfect self-defense and that the evidence was insufficient to support a first degree murder conviction. Appellant further challenges the restitution fine imposed pursuant to section 1202.4, subdivision (b), arguing there was no finding he could pay it. For the reasons set forth below, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 15, 2018, appellant stabbed Bernard Jackson in the heart, killing him. The incident occurred outside of a convenience store (the store) and was caught on surveillance video.

According to trial testimony, appellant had been banned from the store for playing a radio too loudly on a prior occasion. The day of the killing, appellant made a deal with a friend whereby the friend would give appellant money, appellant would go buy two beers, and appellant would get to keep one. To complete this task, appellant engaged the help of Jackson, a local customer who regularly bought beer from the store, to make the purchase for him. This was not the first time appellant had used Jackson in this way. Jackson was already intoxicated at the time of the incident. Appellant met Jackson outside the store, then Jackson entered the store and bought two beers.

Jackson exited the store carrying a brown bag. He provided a beer to appellant and the two begin arguing. Appellant struck Jackson in the head, knocking him backward and causing him to drop the second can of beer. Appellant continued to engage Jackson, bumping Jackson and following him as Jackson moved away from appellant. At

---

[1] All future statutory references are to the Penal Code unless otherwise noted.

[2] In what appears to be a clerical error, the abstract of judgment cites section 12022.5, subdivision (a). The trial court is directed to amend the abstract of judgment to properly identify the enhancement imposed.

2.

this point, Jackson reached down and picked up an open beer sitting near a concrete pillar.

The store surveillance video shows appellant holding a long black object, later determined to be a cane, while outside the store. He is seen separating the object into two parts as he exits the view of the camera and, when he returns within the camera's view, putting the two parts back together. A second surveillance video shows appellant taking a fighting stance and stabbing Jackson in the chest while Jackson's arms are down. Jackson is seen fleeing while appellant stops to pick up the beer can that had previously fallen on the ground. Appellant is then seen walking in the direction of his apartment, while Jackson is ultimately found lying dead in the parking lot of the store. Jackson was found with no weapons on him.

Surveillance video from appellant's apartment complex showed him leaving with a cane before the murder and returning with the cane following the murder. Testimony suggested appellant also returned with two beers and allegedly provided one to his friend. Police eventually recovered the cane, and its enclosed two-foot blade, from appellant's apartment. They discovered blood on the blade and handle.

Appellant made a statement to police. In it he claimed the stabbing was in self-defense and that Jackson had threatened to rob him or take his jewelry. Appellant also stated Jackson was trying to keep one of the beers. In addition, appellant stated Jackson was doing something with his hands, or making gestures, while threatening him.

Following a trial by jury, appellant was convicted of first degree murder with the special circumstance that he used a deadly and dangerous weapon. This appeal timely followed.

## DISCUSSION

Appellant's arguments in this case break down into two main categories; challenges to the sufficiency of the evidence supporting his conviction and challenges to the restitution fine imposed upon conviction. With respect to the sufficiency claims,

3.

appellant contends both that the prosecution did not prove beyond a reasonable doubt that he did not act in imperfect self-defense and, separately, that the prosecution did not prove first degree murder beyond a reasonable doubt. Because these issues raise similar factual and legal issues, we consider them together. We then turn to appellant's fine argument.

### *Appellant's First Degree Murder Conviction Was Proper*

Appellant, focusing primarily upon the video evidence in this case and his own explanations for why he stabbed Jackson, challenges the fact he was convicted of first degree murder on two related bases. First, appellant argues that the People failed to prove beyond a reasonable doubt that appellant did not act in imperfect self-defense in this case. Appellant contends there was a heated discussion between himself and Jackson, during which he was threatened and believed self-defense was necessary when Jackson bent down to pick up an object. Second, appellant argues that the People failed to prove beyond a reasonable doubt that he had the required mental state for first degree murder. Appellant again notes the argument between himself and Jackson and contends there was no evidence of premeditation or deliberation, a prior relationship between himself and Jackson, or any general facts about the manner of the killing that would show intent. We do not agree.

*Standard of Review and Applicable Law*

"On appeal 'the court must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.' [Citation.] Substantial evidence includes circumstantial evidence and the reasonable inferences flowing from it." (*People v. Joiner* (2000) 84 Cal.App.4th 946, 961–962.)

Here, the issues raised with respect to both the murder conviction and the claim of imperfect self-defense share similar legal and factual factors. Our Supreme Court has previously discussed these similarities at length. In *People v. Rios* (2000) 23 Cal.4th 450,

4.

the court explained that: "On several recent occasions, we have explained the relationship between murder and manslaughter, as applied to intentional and unlawful killings. ' "Murder is the unlawful killing of a human being with malice aforethought. (§ 187, subd. (a).) A defendant who commits an intentional and unlawful killing but who lacks malice is guilty of ... voluntary manslaughter. (§ 192.)" [Citation.] Generally, the intent to unlawfully kill constitutes malice. [Citations.] "But a defendant who intentionally and unlawfully kills [nonetheless] lacks malice ... when [he] acts in a 'sudden quarrel or heat of passion' (§ 192, subd. (a)), or ... kills in 'unreasonable self-defense'—the unreasonable but good faith belief in having to act in self-defense [citations]." [Citation.]' [Citations.]

"These mitigating circumstances reduce an intentional, unlawful killing from murder to voluntary manslaughter 'by *negating the element of malice* that otherwise inheres in such a homicide [citation].' [Citation.] … *Imperfect self-defense* obviates malice because that most culpable of mental states 'cannot coexist' with an actual belief that the lethal act was necessary to avoid one's own death or serious injury at the victim's hand. [Citations.] Because one who kills unlawfully and intentionally, but lacks malice, is guilty of voluntary manslaughter, '[intentional] voluntary manslaughter ... is considered a lesser necessarily included offense of intentional murder.' [Citations.]

"Thus, where the defendant killed intentionally and unlawfully, evidence of heat of passion, or of an actual, though unreasonable, belief in the need for self-defense, is relevant only to determine whether *malice has been established*, thus allowing a conviction *of murder*, or *has not been established*, thus precluding a murder conviction and limiting the crime to the lesser included offense of voluntary manslaughter.… [¶] If the issue of provocation or imperfect self-defense is … 'properly presented' in a murder case [citation], the *People* must prove *beyond reasonable doubt* that these circumstances were *lacking* in order to establish the murder element of malice. [Citations.] California's standard jury instructions have long so provided. (See CALJIC No. 8.50.) In such cases,

5.

if the fact finder determines the killing was intentional and unlawful but is not persuaded beyond reasonable doubt that provocation (or imperfect self-defense) was absent, it should acquit the defendant of murder and convict him of voluntary manslaughter." (*People v. Rios*, *supra*, 23 Cal.4th at pp. 460–463, fns. omitted.)

### *The Evidence Is Sufficient To Reject An Imperfect Self-defense Claim*

Appellant contends the evidence in this case is insufficient to demonstrate he did not act in imperfect self-defense. We do not agree.

Imperfect self-defense is a narrow doctrine. "It requires without exception that the defendant must have had an *actual* belief in the need for self-defense." (*In re Christian S.* (1994) 7 Cal.4th 768, 783.) In this context, a fear of future harm is insufficient. " ' "[T]he peril must appear to the defendant as immediate and present and not prospective or even in the near future. *An imminent peril is one that, from appearances, must be instantly dealt with*." ' " (*Ibid.*) Whether the defendant held such a fear is an issue decided by the jury, which "is not required to accept the defendant's bare assertion of such a fear." (*Ibid.*)

The evidence in this case was sufficient for a reasonable jury to reject a claim of imperfect self-defense. Taken in the light most favorable to the jury's verdict, the evidence shows that appellant and Jackson engaged in an argument over a beer that appellant intended to keep for himself. Appellant was the initial aggressor, striking Jackson in the head and pursuing him even after he dropped the beer despite Jackson being visibly intoxicated. Upon being struck, Jackson reached down and picked up a different beer. At this point appellant unsheathed the sword in his cane and stabbed Jackson. He then collected his beer and left the scene.

While appellant alleges he acted in self-defense and contends the argument included Jackson threatening to rob him, the jury could have reasonably rejected these claims based on their review of appellant's unconvincing claims during his interview with the police, his awareness that Jackson was heavily intoxicated, his greater concern

for the beer than Jackson after the strike, or simply their review of the video evidence itself. Even if they believed Jackson threatened appellant, the record does not appear to disclose any specific and immediate harm that would support appellant's imperfect self-defense claim, particularly given that Jackson was found with no weapons and appellant never claimed to have seen one.

*The Evidence Is Sufficient To Find First Degree Murder*

Appellant raises similar arguments with respect to the evidence supporting the jury's first degree murder finding. Relying in part on *People v. Disa* (2016) 1 Cal.App.5th 654, 665, appellant contends the evidence fails to show premeditation or deliberation, "any evidence whatsoever suggesting appellant had any prior relationship with Jackson," or any manner of killing to suggest a preconceived design to kill. Although appellant concedes none of these factors are dispositive, he states that their "profound absence compels a conclusion the evidence was insufficient to support that verdict." We do not agree.

Contrary to appellant's positions, we do not see a complete lack of evidence supporting the factors outlined in *People v. Disa*, *supra*, 1 Cal.App.5th at page 665. With respect to premeditation and deliberation, appellant recognizes that only a brief moment of reflection is required, provided it evidenced a calculated judgment to kill. (See *People v. Brady* (2010) 50 Cal.4th 547, 563.) While appellant is correct there was no extensive planning prior to appellant's actions, the evidence is sufficient for the jury to conclude that appellant struck Jackson, pursued him, and while pursuing him concluded he would kill him. Upon reaching this conclusion, appellant unsheathed the sword in his cane, took a fighting stance, and stabbed Jackson directly in the heart. It is reasonable to infer from these actions that appellant engaged in some specific calculation regarding his actions and chose to proceed with the murder.

Similarly, although there was not extensive evidence of a prior relationship between appellant and Jackson, there was evidence of a relationship that would support

7.

the murder conclusion.  Appellant admitted to using Jackson to buy beer in the past, conceded he had engaged Jackson to do so again in this instance, and detailed his expectation that he would receive both beers purchased.  This relationship was sufficient for the jury to infer that appellant became angry with Jackson when he violated that agreement and sought to keep one of the beers for himself.  And that inference was credible evidence, when combined with his conduct, of appellant's intent to kill.  Further, as detailed above, appellant's conduct in unsheathing the sword in his cane, taking a fighting stance, and stabbing an intoxicated Jackson in the heart, despite already striking him and causing him to drop the disputed beer, is sufficient for a jury to reasonably conclude the manner in which the killing occurred disclosed a preconceived, if brief, plan to kill.

Accordingly, we reject appellant's claim that the evidence was insufficient to support a first degree murder conviction.  Further, similar to our analysis regarding appellant's imperfect self-defense claim, we readily reject appellant's claim that the evidence compelled a finding of manslaughter based on killing due to a sudden quarrel or in the heat of passion.  The credible and reasonable evidence of premeditation and deliberation was adequate for the jury to reject any available evidentiary inference that appellant and Jackson were having a heated argument over a beer that sufficiently inflamed appellant's passions to mitigate his intent to kill.

## *Appellant's Restitution Fine Was Properly Imposed*

As part of his sentencing, appellant was ordered to pay a $7,800 restitution fine pursuant to section 1202.4, subdivision (b) and a $7,498.84 mandatory victim restitution fine to the California Victim Compensation Board pursuant to section 1202.4, subdivision (f).  Several other fines, fees, and assessments were imposed but stayed due to appellant's inability to pay.  Appellant, relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), contends on appeal that the trial court erred in failing to

stay his $7,800 restitution fine for similar reasons, although he acknowledges no direct objection was made to the fine when imposed.

We do not agree. This court has previously concluded that *Dueñas* was wrongly decided and that an Eighth Amendment excessive fines clause analysis should apply to such objections. (*People v. Aviles* (2019) 39 Cal.App.5th 1055, 1067–1072.) Under that standard, we cannot conclude the fines imposed in this case are grossly disproportionate to appellant's level of culpability; thus, they are not excessive under the Eighth Amendment to the United States Constitution. (*Aviles*, at p. 1072.) As appellant admits, he raised no objection to the scope of the fines imposed, despite having the statutory authority to do so when the court imposed more than the minimum restitution fine. (See § 1202.4, subd. (c).) Consistent with our opinion in *Aviles*, the claim has thus been forfeited. (*Aviles*, at p. 1073.)

Finally, even if we were to consider *Dueñas* well-reasoned, we would still not apply it to a case like this as we consider *Dueñas* to be heavily dependent upon its specific factual scenario. In *Dueñas*, the defendant lost her driver's license because she was financially unable to pay her juvenile citations. (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1161.) The aggregating criminal conviction assessments and fines imposed as she drove without a license prevented her from recovering her license. (*Ibid.*) The *Dueñas* court described this as "cascading consequences" stemming from "a series of criminal proceedings driven by, and contributing to, [the defendant's] poverty." (*Id.* at pp. 1163–1164.) As a result, the defendant faced ongoing unintended punitive consequences because of the imposed financial obligations that the *Dueñas* court concluded were "fundamentally unfair." (*Id.* at p. 1168.) Such is not the case here, where the fines, fees, and assessments were imposed specifically based on appellant's individualized conduct and are not part of a fundamentally unfair cascading set of unintended punitive consequences. Accordingly, we do not find *Dueñas*'s analysis instructive in this case. (See *People v. Lowery* (2020) 43 Cal.App.5th 1046, 1054–1055.)

9.

For all these reasons, we reject appellant's *Dueñas* claim.  We note, however, that there are conceded errors with respect to the assessments imposed on the abstract of judgment.  As the People concede, the trial court stayed the $40 court operations assessment (§ 1465.8, subd. (a)(1)) and the $30 criminal conviction assessment (Gov. Code, § 70373) in this case, but the abstract does not reflect this fact.  We thus order the abstract of judgment be corrected to indicate these assessments have been stayed. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

## DISPOSITION

The judgment is affirmed.  The trial court is directed to amend the abstract of judgment to properly identify the stayed assessments and the enhancement imposed, and to transmit a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.


                                                                    HILL, P.J.

WE CONCUR:


DETJEN, J.


SNAUFFER, J.

10.