Filed 9/15/21  P. v. Schumm CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. DAVID HENRY SCHUMM, Defendant and Appellant. | D076357 (Super. Ct. No. RIF117696) |


APPEAL from a judgment of the Superior Court of Riverside County, Ronald L. Taylor, Judge.  (Retired Judge of the Riverside Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.).  Affirmed with directions.

Jonathan P. Milberg for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Michael Pulos and Seth M. Friedman, Deputy Attorneys General, for Plaintiff and Respondent.

David Henry Schumm was convicted of carjacking and several other felonies in 2007. The following year the trial court sentenced Schumm to 42 years and four months to life in prison. In May 2018, the California Department of Corrections and Rehabilitation (CDCR) sent a letter to the trial court noting errors in the abstract of judgment, leading to a new sentencing hearing. The court resentenced Schumm to 30 years to life and a new abstract of judgment was filed on July 22, 2019. Schumm appealed that judgment, which was subsequently amended twice more.

In his opening brief, Schumm asserts the CDCR is incorrectly interpreting his sentence as a third strike, preventing eligibility for a Youth Offender Parole Hearing (YOPH), and resulting in an "unauthorized" sentence requiring reversal. In the respondent's brief, the Attorney General agrees the CDCR has incorrectly interpreted the sentence imposed in 2019 and requests this court order an amendment to the abstract of judgment to correct the clerical error. In reply, Schumm's counsel states that after conferring with the Attorney General's office, he contacted the CDCR and it indicated the error has now been rectified. As a result, Schumm abandons his request for reversal and joins the Attorney General's request for an opinion conforming the abstract of judgment to the trial court's sentence. As explained below, we agree with the parties that the court's resentencing order should be affirmed with directions to the trial court to amend the abstract of judgment to conform to the sentence actually imposed on Schumm.

## BACKGROUND

Schumm and a codefendant were charged with various crimes related to the theft of a truck at gunpoint. In 2007, a jury convicted Schumm of

robbery (Pen. Code, § 211,[1] count 1); carjacking (§ 215, subd. (a), count 2); felon in possession of a firearm (former § 12021, subd. (a)(1), see now § 29800, subd. (a)(1), count 3); false imprisonment (§ 236, count 4); witness intimidation (§ 136.1, subd. (b)(1), count 5); and active participation in a criminal street gang (§ 186.22, subd. (a), count 6).  The jury also found true criminal street gang enhancements as to counts 1 through 5 (§ 186.22, subd. (b)) and personal firearm use enhancements as to counts 1 and 2 (§§ 12022.53, subd. (b), 1192.7, subd. (c)(8)).  Schumm also admitted two prison prior convictions.  (§ 667.5, subd. (b).)

The trial court sentenced Schumm to 42 years and 4 months to life in prison, consisting of an indeterminate term of 15 years to life on count 2 plus 3 years 4 months for the associated personal-use enhancement, and 4 years on count 1 plus 10 years for the associated personal-use enhancement and 10 years for the associated gang enhancement.  (*People v. Mercado* (Oct. 20, 2009, No. D055138 [nonpub. opn.].)  The court imposed concurrent sentences on the remaining counts and enhancements, and stayed the sentence on the prison priors.  A clerical error in the minute order from the sentencing hearing stated Schumm was "sentenced pursuant to 667(e)(1) PC" and the abstract of judgment form likewise stated he "was sentenced pursuant to … other (specify):  667(E)(1)PC."  This court affirmed the judgment, but ordered that the prison priors be stricken rather than stayed.  (*Mercado, supra*, D055138.)

Thereafter, the trial court filed a new abstract of judgment in conformance with our opinion, but that again erroneously stated Schumm was "sentenced pursuant to 667(E)(1) PC."  A subsequent abstract of judgment only for the determinate term was filed in 2011.  Then, in May

[1]     Subsequent statutory references are to the Penal Code.

3

2018, the CDCR sent a letter to the trial court about apparent errors in the abstract. The court treated the letter as a recommendation for recall and resentencing under section 1170, subdivision (d), and set a resentencing hearing. Before the hearing, Schumm's counsel submitted a resentencing brief that flagged the erroneous reference to section 667, subdivision (e)(1) and suggested an amendment to the abstract of judgment to delete the reference and to replace it with a citation to section 186.22, subdivision (b)(4)(B), the gang enhancement. Defense counsel made the same request at the June 20, 2019 resentencing hearing and the court explicitly acknowledged the reference to section 667, subdivision (e)(1), the three strikes law, was in error and that Schumm was not a habitual offender.

At the conclusion of the hearing, the court resentenced Schumm to 30 years to life, consisting of an indeterminate term of 15 years to life on count 2 (the carjacking conviction) plus 10 years for the personal firearm-use enhancement, and 2 years on count 5 (the witness-intimidation conviction) plus 3 years for the gang enhancement, with time on all the remaining counts ordered to run concurrently. A new abstract of judgment was filed on July 22, 2019. Despite the court's comments at the hearing concerning section 667, subdivision (e)(1), the new abstract of judgment still indicated Schumm was sentenced "pursuant to … other (specify): 667(E)(1)PC."

On August 8, 2019, Schumm filed a notice of appeal. Afterwards, on September 16, 2019, another amended abstract of judgment was filed that eliminated the reference to "667(E)(1)PC." On October 2, 2019, an additional amended abstract of judgment was filed that did not alter the September 16, 2019 version, except to change the amount of victim restitution.

4

DISCUSSION

The jury found Schumm committed the carjacking for the benefit of a criminal street gang, resulting in an indeterminate term sentence of 15 years to life under section 186.22, subdivision (b)(4)(B). However, because of an apparent clerical error, the ensuing abstract of judgment indicated the carjacking sentence was "pursuant to … [section] 667(E)(1)." The reference to section "667(E)(1)" was eventually deleted, but the operative abstract does not state that the sentence was made pursuant to section 186.22, subdivision (b)(4)(B).

Apparently, as a result of the references in the prior abstracts of judgment to section 667 (the three strikes law) the CDCR was under the misapprehension that Schumm's carjacking sentence was a third strike, precluding eligibility for a youth offender parole hearing under section 3051. Section 3051 provides that offenders who are incarcerated for offenses they committed when they were 25 years old or younger are eligible after a specific number of years for release on parole at a YOPH. (§ 3051, subds. (a)–(b).) The statute, however, excludes "cases in which sentencing occurs pursuant to … subdivisions (b) to (i), inclusive, of Section 667," commonly referred to as third-strike offenders.[2] (§ 3051, subd. (h).)

Because Schumm was 25 years old when he committed the carjacking, and his sentence was not the result of the application of the three strikes law, he will be eligible for a YOPH once he has served the applicable number of years. As the parties agree, the abstract of judgment should be amended to accurately reflect the sentence imposed on Schumm. In its oral

---

[2]    It is unclear why the erroneous abstract of judgment caused the CDCR to flag Schumm as ineligible since it referenced section 667, subdivision (e), which would mean Schumm was a second, not third, strike offender.

pronouncement of sentence on June 20, 2019 , the trial court stated clearly that "I'm going to sentence the defendant on Count 2 [the carjacking count] to 15 years to life.  And that would be pursuant to Penal Code Section 186.22, Subdivision (b), Subsection (4), Sub-subsection (b)."  Thus, the abstract's subsequent omission of an indication that Schumm's 15-years-to-life carjacking sentence was pursuant to section 186.22(b)(4)(B) was a clerical error.

"It is, of course, important that courts correct errors and omissions in abstracts of judgment."  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)  Further, "[c]ourts may correct clerical errors at any time."  (*Ibid.*)  Accordingly, we do so here.  On remand, we direct the court to amend the operative abstract of judgment regarding Schumm's indeterminate sentence to read under number 8, that "Defendant was sentenced pursuant to … other (specify):  Pen. Code, § 186.22(b)(4)(B)."[3]  (See, e.g., *People v. Felix* (2009) 172 Cal.App.4th 1618, 1624, fn. 1 ["The ... abstract of judgment do[es] not exactly conform to the trial court's oral pronouncement of sentence.  [Therefore], the clerk of the superior court is to correct the abstract."].)

---

[3]     Before briefing in this case, on March 4, 2021, Schumm's appellate counsel filed a "Request for Judicial Notice, Augmentation of the Record And/or Transmission of Exhibits" seeking, among other things, augmentation of the record with a memorandum from the prison warden that Schumm received in response to his request for a hearing on the issue addressed in this appeal.  We denied the augmentation request on the grounds that the document was not before the trial court, but construed the request as one for judicial notice and deferred to this panel for decision.  The document makes clear that the CDCR is aware of the clerical error that it interpreted to preclude Schumm from obtaining a YOPH.  However, we deny the request for judicial notice as moot in light of our decision.

DISPOSITION

The judgment is affirmed and the trial court is directed to amend the abstract of judgment to read, under number 8, that "Defendant was sentenced pursuant to … other (specify):  Pen. Code, § 186.22(b)(4)(B)."  The clerk of the court is directed to forward a copy of the amended abstract of judgment to the CDCR.

McCONNELL, P. J.

WE CONCUR:


GUERRERO, J.


DO, J.

7