Filed 5/18/23  In re J.R. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re J.R., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B321260 (Super. Ct. No. 2021032620) (Ventura County) |
| THE PEOPLE,    Plaintiff and Respondent, v. J.R.,    Defendant and Appellant. | |

J.R. appeals from an order adjudicating him a ward of the court.  (Welf. & Inst. Code, § 602.)  The juvenile court sustained the allegation that he committed attempted murder (Pen. Code,[1] §§ 664/187), but did not find true the allegation that he

---

[1] Further unspecified statutory references are to the Penal Code.

committed the crime with premeditation within the meaning of section 664, subdivision (a). J.R. contends, and the Attorney General concedes, there is a discrepancy between the minute order on the sustained petition and the court's oral pronouncement of judgment. The Attorney General also notes an error in the court's calculation of the aggregate maximum period of confinement. We modify the minute orders to correct these errors, but otherwise affirm the judgment.

FACTUAL AND PROCEDURAL HISTORY

E.C. was walking down the street with his girlfriend when he saw a group of people in front of an apartment building. E.C. recognized J.R. as one of the people in the group. J.R. kneeled and began shooting at E.C. E.C. was shot as he was running away. He survived.

The juvenile petition alleged one count of attempted murder (§§ 664/187) and further alleged the crime was committed willfully, deliberately, and with premeditation within the meaning of section 664, subdivision (a). The petition also alleged J.R. inflicted great bodily injury. (§ 12022.7, subd. (a).)

The juvenile court sustained the petition. It found true the attempted murder count and found true the allegation that J.R. inflicted great bodily injury. But regarding the premeditation allegation, the court pronounced that it "cannot find that proof has been shown . . . beyond a reasonable doubt that there was . . . deliberation and premeditation as required. But the Court does find that [the attempted murder] would be and I think it would fall within the second degree and not first degree." Despite the court's oral pronouncement, the March 30, 2022, minute order reflects: "Court finds the allegations contained in count(s) 1 are

2

true and orders the petition sustained as to said counts after contested hearing."

At the disposition hearing, the juvenile court declared J.R. a ward of the court and committed him to a secure youth treatment facility with a baseline term of four years and an aggregate maximum term of confinement of 11 years six months. The aggregate maximum term of confinement was imposed as follows: seven years for the attempted murder count plus three years for the great bodily injury allegation in the instant case, plus an additional 16-month term for five counts from a prior sustained juvenile petition.

## DISCUSSION

J.R. contends, and the Attorney General concedes, the March 30 minute order must be corrected to reflect the oral pronouncement of the judgment. We agree.

Where there is a discrepancy between the oral pronouncement of judgment and the minute order, the oral pronouncement prevails. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185 (*Mitchell*); *People v. Hartley* (2016) 248 Cal.App.4th 620, 637.) We have the authority to correct such discrepancies. (*Mitchell*, at p. 185.) Here, the court orally pronounced that it did not find the premeditation allegation true. The minute order must be corrected to reflect the oral pronouncement of judgment, clarifying that the premeditation allegation was found not true.

The Attorney General also notes a mathematical error in the juvenile court's oral dispositional pronouncement of judgment and minute order regarding the aggregate maximum period of confinement. We have the authority to correct such clerical errors. (*Mitchell*, *supra*, 26 Cal.4th at p. 185.) Here, the aggregate term is the sum of the 10-year term imposed for this

3

case and the 16-month term imposed for the prior sustained petition.  The sum of these terms is 11 years four months, not 11 years six months.  The May 4, 2022, minute order should be corrected.

## DISPOSITION

The clerk of the superior court is directed to amend the minute order on the sustained petition dated March 30, 2022, to reflect that the court did not find true the premeditation allegation, and amend the disposition minute order dated May 4, 2022, to reflect that the aggregate maximum time of confinement is 11 years four months.

NOT TO BE PUBLISHED.

BALTODANO, J.

We concur:

GILBERT, P. J.

YEGAN, J.

4

Manuel J. Covarrubias, Judge

Superior Court County of Ventura

_____

Esther R. Sorkin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Nikhil Cooper, Deputy Attorneys General, for Plaintiff and Respondent.