Filed 3/13/24  P. v. Brownmace CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F084957 |
| Plaintiff and Respondent, | (Super. Ct. No. 19CR-06147-RF) |
| v. | |
| NEAL GLEN BROWNMACE, | **OPINION** |
| Defendant and Appellant. | |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Merced County.  Carol K. Ash, Judge.

Stephen M. Lathrop, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Jessica A. Perkins, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Poochigian, Acting P. J., Peña, J. and Smith, J.

## INTRODUCTION

Neal Glen Brownmace, appellant, argues substantial evidence does not support his conviction of sodomy of a child 10 years old or younger. He further argues the abstract of judgment must be amended to accurately reflect his conviction. We affirm the judgment and remand the matter with directions to amend the abstract of judgement to correctly reflect appellant's conviction on count 3.

## PROCEDURAL HISTORY

On September 21, 2021, the Merced County District Attorney's Office charged appellant with two counts of oral copulation or sexual penetration with a child 10 years old or younger (Pen. Code, § 288.7, subd. (b)[1]; counts 1 & 2), and sexual intercourse or sodomy with a child 10 years old or younger (§ 288.7, subd. (a); count 3.)

A jury found appellant guilty on all counts. Appellant was sentenced to 55 years to life in prison—15 years to life on each of counts 1 and 2, and 25 years to life on count 3.

## STATEMENT OF FACTS

The facts are abridged to those relevant to the legal issue presented. Appellant's victims were his two stepdaughters, M.B. and J.M. When M.B was five years old, and J.M. was six years old, appellant began sexually abusing them. The abuse occurred sometime between 2012 and 2019. Appellant forced both M.B. and J.M to orally copulate him, and appellant sodomized J.M. at least once.

The victims' mother, K.B., knew of the abuse and chose not to report it. Law enforcement got involved when M.B. and J.M. reported the abuse to their school.

J.M. testified at trial as follows. She was 14 when she testified.

---

[1]    Undesignated statutory references are to the Penal Code.

"[PROSECUTION]: And did anything else happen between you and [appellant] that you hadn't previously disclosed?

"[J.M.]: I can't remember.

"[PROSECUTION]: Do you remember telling Detective [Cruz] Jasso that [appellant] had put his penis in your butt?

"[J.M.]: I believe I remember but I can't really remember when it happened. Not really.

"[PROSECUTION]: Okay. Did [appellant] ever put his penis in your butt?

"[J.M.]: I'm not sure. [¶] … [¶]

"[PROSECUTION]: I said do you remember when you spoke with Detective Jasso that you told him that when you were living at the Grove Apartments [appellant] had also put his penis in your butt?

"[J.M.]: Yes.

"[PROSECUTION]: And how old were you when this happened?

"[J.M.]: I can't remember.

"[PROSECUTION]: Did you tell Detective Jasso that you were six, seven, eight or nine?

"[J.M.]: I believe so.

"[PROSECUTION]: And where were you living at when this happened?

"[J.M.]: Grove Apartments, I believe.

"[PROSECUTION]: Okay. And how many times did this happen to you?

"[J.M.]: Once, twice. Not sure.

"[PROSECUTION]: Do you remember telling Detective Jasso that this happened about four to five times?

"[J.M.]: Can't remember. [¶] … [¶]

"[PROSECUTION]: Your memory today is that it happened one to two times?

"[J.M.]: I believe so. [¶] … [¶]

"[PROSECUTION]: And when [appellant] would put his penis in your butt, about around how long would this last?

"[J.M.]: Not sure.

"[PROSECUTION]: Did you tell Detective Jasso that it lasted about 15 to 30 minutes?

"[J.M.]: Not sure."

Jasso had conducted a forensic interview of M.B. and J.M.  He testified it was very difficult for J.M. to speak about what happened to her.  He stated that J.M. had told him that appellant sodomized her, as he recalled, three or four times.  J.M. initially thought it happened when she was six, but later believed she was between eight and 10, because she went to live with her father when she was 11.  J.M. told Jasso these incidents lasted between 15 and 30 minutes.

The jury was instructed that "[s]odomy is any penetration, no matter how slight, of the anus of one person by the penis of another person."

## DISCUSSION

### I.     Substantial Evidence Supports the Sodomy Conviction

Appellant argues there is insufficient evidence to support the sodomy conviction because there was no evidence presented that appellant penetrated the victim's anus rather than only her " 'buttocks' " and J.M.'s testimony was insubstantial.  We disagree.

### A.  Legal Standard

Sodomy is defined as sexual conduct consisting of contact between the penis of one person and the anus of another person, with any sexual penetration, however slight, sufficient to complete the crime.  (§ 286, subd. (a).)  "[S]exual penetration requires penetration of the tissues that surround and encompass the lower border of the anal canal—that is, it requires penetration past the buttocks and into the perianal area but does not require penetration beyond the perianal folds or anal margin."  (*People v. Paz* (2017) 10 Cal.App.5th 1023, 1038.)

On appeal, this court " 'must determine whether a reasonable trier of fact could have found the prosecution sustained its burden of proving the defendant guilty beyond a reasonable doubt.' "  (*People v. Johnson* (1980) 26 Cal.3d 557, 576.)  We "examine the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence—evidence that is reasonable, credible and of solid value—such that

a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Kraft* (2000) 23 Cal.4th 978, 1053.) "Substantial evidence includes circumstantial evidence and any reasonable inferences drawn from that evidence." (*In re Michael D.* (2002) 100 Cal.App.4th 115, 126.)

"[U]nless the testimony is physically impossible or inherently improbable, testimony of a single witness is sufficient to support a conviction." (*People v. Young* (2005) 34 Cal.4th 1149, 1181.) We further " 'credit jurors with intelligence and common sense' [citation] and presume they generally understand and follow instructions." (*People v. McKinnon* (2011) 52 Cal.4th 610, 670.)

Finally, as a reviewing court, " 'we do not reweigh the evidence or reevaluate a witness's credibility.' " (*People v. Brown* (2014) 59 Cal.4th 86, 106.) " 'Resolution of conflicts and inconsistencies in the testimony is the exclusive province of the trier of fact.' " (*Ibid.*)

## B. Analysis

Appellant argues that J.M.'s testimony that appellant put his penis "in" her " 'butt' " is not sufficient evidence of penetration, because the statement can be interpreted as possible penetration of her buttocks and not penetration of the anal opening. Appellant further argues that J.M.'s uncertainty on the stand rendered her testimony insubstantial and insufficient.

Simply put, it is not this court's role to reinterpret the meaning of testimony or reevaluate the credibility of witnesses. (*People v. Brown*, *supra*, 59 Cal.4th at p. 106.) In convicting appellant, the jury, who were instructed that sodomy requires penetration, determined that when J.M. testified that appellant "put his penis in her butt" for "15 to 30 minutes," she meant insertion into the anus and not just the buttocks. Nothing in the record indicates J.M. meant "buttocks" when she said "butt," and the term was never

specifically defined as "buttocks." A reasonable trier of fact could infer that "butt" referred to the anus, and appellant putting his penis "in" was an act of penetration.

Likewise, despite J.M.'s uncertainty, the jury found her credible. We see nothing improper about such a determination. When J.M. testified, it had been five or more years since appellant abused her. Her uncertainty on the stand could have been the result of the passage of time. " 'Normally, the testimony of a witness that he or she does not remember an event is not inconsistent with that witness's prior statement describing the event.' " (*People v. Ledesma* (2006) 39 Cal.4th 641, 711.) J.M. described the sexual abuse and sodomy to Jasso when he interviewed her, closer in time to the assaults. And while she was unsure about the specific details regarding the assaults, she remembered describing them to Jasso. Taken together, both J.M.'s and Jasso's testimony is evidence that is "reasonable, credible and of solid value." (*People v. Kraft* (2000) 23 Cal.4th 978, 1053.)

In sum, a reasonable trier of fact could find appellant guilty of sodomizing J.M. beyond a reasonable doubt, therefore, substantial evidence supports the conviction on count 3.

## II. The Abstract of Judgment Must Be Amended

Appellant argues the abstract of judgment improperly states in count 3, that he was convicted of "[s]exual [i]ntercourse or [s]odomy [with a] child [10 years old] or younger" rather than sodomy only. The Attorney General agrees. "Courts may correct clerical errors at any time, and appellate courts … that have properly assumed jurisdiction of cases have ordered correction of abstracts of judgment that did not accurately reflect the oral judgments of sentencing courts." (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) Therefore, we remand the case with direction to correct the abstract of judgement to reflect appellant's conviction on count 3 of sodomy of a child 10 years old or younger.

6.

## DISPOSITION

The judgment is affirmed. The matter is remanded with direction to correct the abstract of judgment to reflect a conviction of sodomy with a child 10 years old or younger on count 3.