Filed 1/27/25  P. v. Murray CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>DANIEL LEWIS MURRAY,<br><br>     Defendant and Appellant. | C099789<br><br>(Super. Ct. Nos.<br>STKCRFE20120010153,<br>SF122358A) |

Defendant Daniel Lewis Murray appeals from the trial court's resentencing pursuant to Penal Code section 1172.1.[1]  He argues the court erred by failing to recalculate his actual custody credits upon resentencing.  We agree.  Defendant also identifies a clerical error in the abstract of judgment.  We remand the matter for the

---

[1] Undesignated statutory references are to the Penal Code.

recalculation of defendant's actual custody credits and the issuance of an amended abstract of judgment. We otherwise affirm the judgment.

## I. BACKGROUND

The substantive facts underlying defendant's convictions are not relevant to our disposition and are therefore not recounted here.

In 2013, a jury found defendant guilty of first degree burglary (§ 459—count 1), making criminal threats (§ 422—count 2), and receiving stolen property (§ 496, subd. (a)—count 3). The trial court sentenced defendant to a term of 65 years to life in state prison, which included 25-year-to-life terms for counts 1 and 2, and three 5-year terms for prior serious felony convictions pursuant to section 667, subdivision (a).[2] The court imposed, then stayed, a 25-year-to-life sentence on count 3. An amended abstract of judgment filed in 2014 reflected defendant accrued 321 days of actual custody credit. On appeal from the underlying judgment, a different panel of this court ordered stricken two separate prior serious felony conviction enhancements for which no sentence had been imposed. (*People v. Murray* (Apr. 28, 2015, C074990) [nonpub. opn.].)

In 2021, the trial court received a letter from the Secretary of the Department of Corrections and Rehabilitation, recommending that the court recall defendant's sentence and resentence defendant pursuant to former section 1170, subdivision (d)(1).[3] In his

---

[2] While the amended information alleged five prior serious felony convictions, it alleged three of the convictions occurred in the same disposition.

[3] Effective January 1, 2022, Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 719, §§ 1-7) moved the recall and resentencing provisions of former section 1170, subdivision (d)(1) to section 1170.03 and made several changes to the statute. Effective June 30, 2022, section 1170.03 was renumbered section 1172.1 without any substantive change. (Stats. 2022, ch. 58, § 9.)

motion in support of recall and resentencing, defendant moved the court to strike the three prior serious felony conviction enhancements. The court denied the request to recall and resentence defendant, and defendant appealed. A different panel of this court reversed the order declining to recall and resentence defendant and remanded for reconsideration of the Secretary's recommendation to recall and resentence defendant. (*People v. Murray* (Dec. 16, 2022, C096302) [nonpub. opn.].)

Defendant again moved for resentencing and requested the trial court strike the three prior serious felony conviction enhancements and order the sentence for count 2 to run concurrently with the sentence for count 1. At resentencing, the court reimposed an aggregate term of 50 years to life, comprised of consecutive indeterminate sentences of 25 years to life for count 1 and count 2, and reimposed and stayed the indeterminate sentence of 25 years for count 3. However, the court struck the three previously imposed prior serious felony conviction enhancements. Based on the resentencing, an amended abstract of judgment was filed in 2023, which indicates that defendant was sentenced to 25-year-to-life terms for counts 1, 2, and 3; that the sentence for count 2 is to run consecutively to the sentence for count 1; and that the sentence for count 3 is stayed. The amended abstract of judgment also reflected 321 days of actual custody credit.

## II. DISCUSSION

Defendant argues the trial court erred in not recalculating his custody credits for actual time served upon resentencing. The People agree, as do we. A trial court must calculate a defendant's custody credits when resentencing. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 29, 37, 41 [when a trial court resentences a defendant on remand, it must credit him with all actual days he spent in custody (whether in jail or prison) up to that time, including his time in custody after the original sentencing].) Here, the 2023 amended abstract filed after resentencing reflects the same custody credits as the 2014 amended abstract of judgment. We thus remand for the trial court to calculate defendant's custody credits.

3

Defendant also identifies an error in the abstract of judgment that warrants correction, and the People agree. The 2023 amended abstract of judgment, under section No. (6) thereof, indicates defendant must serve 25 years to life for counts 1, 2, and 3. However, the trial court stayed the sentence for count 3. We therefore direct the trial court to correct this clerical error when it prepares the amended abstract with recalculated custody credits. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185 ["Courts may correct clerical errors at any time, and appellate courts . . . that have properly assumed jurisdiction of cases have ordered correction of abstracts of judgment that did not accurately reflect the oral judgments of sentencing courts"].)

## III. DISPOSITION

The case is remanded for the trial court to calculate defendant's actual custody credits. The trial court shall then direct filing of an amended abstract of judgment to: (1) reflect the custody credits for actual time served, and (2) correctly identify the number of indeterminate sentences to be served. The trial court shall forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. The judgment is otherwise affirmed.

/S/

RENNER, J.

We concur:

/S/

ROBIE, Acting P. J.

/S/

FEINBERG, J.

4