Filed 8/27/25  P. v. Woodward CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| THE PEOPLE, | C096487 |
| Plaintiff and Respondent, | (Super. Ct. No. F17000448) |
| v. | |
| LOUIS RAY WOODWARD, | |
| Defendant and Appellant. | |

A jury found defendant Louis Ray Woodward guilty of two counts of sexually penetrating his minor daughter (victim) and two counts of committing lewd acts upon her. The trial court sentenced him to 30 years to life for the sexual penetration counts and stayed execution of the sentences imposed on the lewd act counts. The abstract of judgment does not reflect any stayed sentences.

Defendant contends the trial court erroneously instructed the jury on anal penetration. We disagree and affirm the judgment. But we do agree with defendant and the People that the abstract must be corrected to reflect the stayed sentences. Undesignated statutory references are to the Penal Code.

1

## FACTUAL AND PROCEDURAL BACKGROUND

In October 2014, when victim was five years old, victim's mother noticed victim's pubic area was "really, really red." Victim stated that defendant was rubbing her "bottom" with his hand, and victim touched victim's front side to simulate the action.

In November 2014, mother reported the touching to the Nevada County Sheriff's Office. Later that month, victim participated in two forensic interviews a little less than two weeks apart. During the second interview, victim told the interviewer that defendant was "touching [her] on [her], in [her] privates" with his finger 10 times. Using a diagram, she pointed to and circled her vagina and buttocks as the areas defendant touched. She said it was "[l]ike a grown-up touch." Using a teddy bear, victim showed the interviewer what a grown-up touch would be like. She stroked the front and poked the bear on the bottom. The interviewer then asked if the touches went inside the body or stayed on the outside, and victim responded that they went inside on both parts. She told the interviewer her body hurt and was sore when this happened.

In 2018, defendant was charged with two counts of committing lewd acts upon victim (§ 288, subd. (a)), specifically touching her vagina and her buttocks, and one count of sexually penetrating victim's vagina with his fingers (§ 288.7). After a jury was unable to reach a verdict on those counts, the trial court declared a mistrial. The People proceeded with a retrial in 2021, this time based on charges that defendant committed two counts of sexually penetrating victim and two counts of committing lewd acts upon her.

During the 2021 retrial, the jury heard mother's testimony regarding discovering victim's red pubic areas and the 2014 forensic interviews. They also heard from victim who testified that defendant touched her "[c]rotch," which she also agreed was described as her "vagina," and her "butt" area with his hands. She thought he did this more than one time but couldn't really remember. She still couldn't remember after watching a portion of the second forensic interview. She testified that her memory was better when the interview occurred. She also testified that when she wipes herself after urinating, she

2

doesn't just touch the outside of her private parts but also the inside.  When asked whether defendant would touch the outside parts of her skin or whether "it [was] like when you . . . wipe yourself when you go pee and you kind of clean up the inside, too," victim said, "[o]utside area."  The prosecutor then played the portion of the second forensic interview in which victim stated that defendant touched the inside of her body.  Victim admitted that during the interview, she meant to say defendant was touching her on the inside, but she had no "actual memory" of him touching the inside of her "butt" area.  But she also confirmed that her memory of whether the touches were on the inside or the outside was better during the interview.

The court instructed the jury with a modified version of CALCRIM No. 1128.  The modified instruction explained that the People needed to prove defendant engaged in an act of sexual penetration, which meant "penetration, however slight, of the genital *or anal opening* of the other person by any foreign object, substance, instrument, device, or any unknown object for the purpose of sexual abuse, arousal, or gratification."  (Emphasis added.)  The instruction did not define "anal opening," nor did it mention oral copulation or compelling victim to penetrate herself.  (See CALCRIM No. 1128.)  Defendant did not object to the instruction or request a definition of "anal opening."

The jury found defendant guilty of all four counts.  The trial court sentenced defendant to 30 years to life for the sexual penetration counts, six years for one lewd act count, and two years for the other lewd act count.  Although the court stayed execution of the lewd act sentences, the abstract of judgment does not reflect any stayed terms.

Defendant timely appeals.

DISCUSSION

I

*Jury Instruction on Anal Penetration*

Defendant contends the trial court erred by including penetration of the anal opening in the instruction on sexual penetration.  Relying on *People v. Paz* (2017)

3

10 Cal.App.5th 1023, he contends there was insufficient evidence that anal penetration occurred because the evidence showed mere penetration of the buttocks which does not constitute anal penetration. We disagree and conclude there was sufficient evidence of anal penetration to support the instruction.

A trial court must give a requested instruction only if it is supported by substantial evidence, which means evidence sufficient to deserve jury consideration. (*People v. Marshall* (1997) 15 Cal.4th 1, 39.) "Substantial evidence is evidence that would allow a reasonable jury to find the existence of the facts underlying the instruction, and to find the defendant guilty beyond a reasonable doubt based on the theory of guilt set forth in the instruction." (*People v. Jantz* (2006) 137 Cal.App.4th 1283, 1290.) " 'Substantial evidence includes circumstantial evidence and any reasonable inferences drawn from that evidence.' " (*People v. Grant* (2020) 57 Cal.App.5th 323, 330.) In reviewing for substantial evidence, we "view the record favorably to the judgment below to determine whether there is evidence to support the instruction, not scour the record in search of evidence suggesting a contrary view." (*People v. Ceja* (1993) 4 Cal.4th 1134, 1143 [italics omitted].)

Section 288.7 makes it a felony for an adult to engage in sexual penetration with a child 10 years of age or younger. "[S]exual penetration" includes the "act of causing the penetration, however slight, of the genital or anal opening" for the purpose of sexual arousal, gratification, or abuse by a foreign object. (§§ 288.7, 289, subd. (k)(1).) The term "anal opening" includes "the perianal folds [that] radiate from the anus [and] comprise the outer boundary of the anus." (*People v. Paz, supra*, 10 Cal.App.5th at p. 1037.) And anal penetration "requires penetration past the buttocks and into the perianal area but does not require penetration beyond the perianal folds or anal margin." (*Id*. at p. 1038.) Having said that, " 'the perianal region is not well defined' [citation], and '[t]here exists no generally accepted definition of its outer limit.' [Citations.]" (*Id*. at p. 1035.) Sexual penetration, like any other fact, may be proved by one witness's

4

testimony alone, including that of the victim. (Evid. Code, § 411; see also Evid. Code, § 1360.)

Here, victim stated during the second forensic interview that defendant touched her "in" her privates. She demonstrated how defendant did this by poking a teddy bear on the bottom. She also told the interviewer the touches went inside her body and her body hurt and was sore when the touches happened. From these statements, a reasonable trier of fact could infer that defendant committed anal penetration. (See *People v. Jones* (1990) 51 Cal.3d 294, 316 [the victim must "describe *the kind of act or acts committed* with sufficient specificity, both to assure that unlawful conduct indeed has occurred and to differentiate between the various types of proscribed conduct"].)

Although victim testified at the retrial that defendant touched the outside of her body as opposed to the inside, that testimony merely created inconsistency in her accounts, and we must defer to the jury's resolution of that inconsistency. (*People v. Young* (2005) 34 Cal.4th 1149, 1181.) Also, because victim testified that her memory was better during the second interview, the jury could rationally credit victim's second interview statements over her trial testimony.

## II

### *Abstract of Judgment Correction*

The parties agree that the abstract of judgment does not reflect the trial court's oral pronouncement staying execution of the sentences imposed on the lewd act counts under section 654. We direct the trial court to prepare an abstract of judgment correcting that discrepancy. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

5

DISPOSITION

The judgment is affirmed. The trial court is directed to (1) prepare a corrected abstract of judgment reflecting the stayed sentences for the lewd act counts and (2) forward the corrected abstract to the Department of Corrections and Rehabilitation.

/s/
MESIWALA, J.

We concur:

/s/
EARL, P. J.

/s/
KRAUSE, J.

6