Filed 8/28/25  P. v. Newels CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B331800 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA064635) |
| v. | |
| BRIAN KEITH NEWELS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Laura C. Ellison, Judge.  Reversed and remanded.

Esther R. Sorkin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, and Gary A. Lieberman, Deputy Attorney General, for Plaintiff and Respondent.

The trial court recalled the sentence of defendant and appellant Brian Keith Newels (defendant) and struck two one-year prior prison term enhancements imposed pursuant to Penal Code section 667.5, subdivision (b).[1] The court later held a full resentencing hearing and declined to modify defendant's sentence in any other way. Defendant appeals, arguing the trial court abused its discretion in declining to reduce his sentence further. The Attorney General maintains we need not decide that issue because a clerical error infected the resentencing proceedings and requires remand for resentencing regardless of the merits of defendant's contentions. He's right about that.

## I.  BACKGROUND

A.  *Charges, Conviction, and Sentencing*

In 2007, the Los Angeles County District Attorney filed a three-count second amended information against defendant charging him with attempted murder (with a further allegation that defendant personally inflicted great bodily injury), arson causing great bodily injury, and second degree robbery. The information additionally alleged defendant had suffered four prior convictions pursuant to Penal Code section 667.5, subdivision (b), and that he had suffered five prior serious felony convictions.

A jury found defendant guilty of attempted murder and arson causing great bodily injury, and found as to the attempted murder count that defendant personally inflicted great bodily injury. It acquitted defendant on the charge of second degree

---

[1]     Undesignated statutory references that follow are to the Penal Code.

2

robbery.  The trial court sentenced defendant to a total of 74 years to life: 29 years to life for the attempted murder and a consecutive term of 45 years to life on the arson causing great bodily injury charge (20 years of which was attributable to defendant's section 667, subdivision (a) prior convictions).  The trial court also imposed four one-year enhancements for defendant's section 667.5, subdivision (b) priors.

### B.    Direct Appeal

Another panel of this court affirmed defendant's conviction in *People v. Newels* (June 12, 2009, B204199) [nonpub. opn.] but remanded to correct sentencing errors.  As relevant here, this court concluded the trial court erred by only imposing the section 667, subdivision (a) enhancements with respect to the arson conviction when it should have imposed them in connection with the attempted murder charge too.  This court also held three of the section 667.5, subdivision (b) enhancements should be stricken, the remaining enhancement terms had to be imposed consecutively or stricken, and the enhancements had to be imposed separately on each indeterminate term.

The record before us does not include a minute order or transcript reflecting any proceedings on remand following this court's resolution of defendant's direct appeal.  It does, however, include an amended abstract of judgment for the new sentence imposed.  The amended abstract of judgment reveals the trial court imposed consecutive one-year terms for the section 667.5, subdivision (b) enhancements, and otherwise modified the judgment as directed by this court.  As a result of these changes, defendant's total sentence was 96 years to life in prison.

3

*C.      Defendant's Request to Recall and Resentence*

In April 2023, defendant moved to recall his sentence pursuant to Penal Code section 1172.75, a statute that deems section 667.5 prior prison term enhancements invalid (with limited exceptions) and requires a court to resentence a defendant subject to one or more such enhancements. The trial court held a hearing on defendant's motion in June 2023 without defendant being present. At that hearing, the court vacated the two prior prison term enhancements imposed as part of his sentence (thereby reducing his sentence by two years) and ruled that "all other elements of his sentence [would] remain the same."

The abstract of judgment filed after the hearing, however, does not appear to have modified the amended abstract of judgment that was entered after defendant's direct appeal. Instead, it appears to have worked from the original abstract of judgment. As a result, the post-hearing abstract of judgment prepared by the court (incorrectly) shows defendant is subject to a sentence of 74 years to life in prison—i.e., striking not just the two section 667.5, subdivision (b) enhancements but also removing the 20 years attributable to section 667, subdivision (a)(1) prior serious felony conviction enhancements imposed in connection with one of defendant's two convictions.

Defendant nonetheless noticed an appeal from the court's ruling and he also filed a motion asking the trial court to conduct a full resentencing (the earlier June 2023 hearing was not a full resentencing). Defendant subsequently informed this court that the trial court had agreed to set the matter for a full resentencing and asked us to stay the appeal and remand for the limited

4

purpose of allowing the full resentencing to proceed.  We granted that request.

### D. Full Resentencing

In advance of the full resentencing, the People asked the court to recall defendant's sentence, to resentence him by striking the section 667.5, subdivision (b) enhancements, and to leave the balance of his sentence intact "for a total of 74 years to life."  The People's brief recited that after his direct appeal, the court of appeal ruled the proper sentence for defendant was 96 years to life, an amended abstract of judgment was generated, but it did not appear defendant was ever ordered to court for resentencing on the revised sentence.  The brief also represented defendant "was already given a reprieve of a potential 96 years to life sentence on this case by virtue of the sentencing error that resulted in a sentence of 74 years to life."

The trial court held the resentencing hearing in September 2024.  At the hearing, the People stated that defendant's sentence, after his direct appeal, should have been 96 years to life.  The court replied, "[b]ut it's not now, it is 74 to life."  The People agreed.  The court stated as follows:  "I'm going to start off by recognizing the fact that I think you both perhaps understood from some of the papers here that the court of appeal[ ] indicated that the sentencing was less than it should have been.  It was significantly less than it should have been.  Judge Taylor, when he sentenced [defendant], seemed to be intent on giving him everything he could, but failed to recognize that the law would have allowed much more for some of the convictions.  So I recognize that that did occur.  I'm not going to address that, but I recognize there is more time I can give him."  The court also said,

"[t]he Legislature said you can't give more time, even if there was a mistake."

The court went on to explain it had already stricken the one year enhancements pursuant to section 667.5, subdivision (b), as it was required to do. It then stated it was permitted to exercise its discretion to determine whether the mitigating factors somehow outweighed the aggravating factors. In stating they did not, the court said the crime defendant committed "was one of the most horrendous that I had actually detailed in front of me in many, many, many years." The court then discussed the mitigating factors, and concluded it would "decline to exercise [its] discretion to make a single change further to his criminal sentence."

## II. DISCUSSION

Largely focusing on perceived omissions in the trial court's comments at the resentencing hearing, defendant asserts the court abused its discretion in resentencing him because the court was unaware of certain changes in the law, because it was unclear from the court's comments whether the court properly considered certain factors, and because he believes it is unclear the court would have declined to reduce his sentence if it was aware of the full breadth of its discretion. We need not decide whether this is enough to warrant reversal (but see *People v. Ramirez* (2021) 10 Cal.5th 983, 1042 ["Absent evidence to the contrary, we presume that the trial court knew the law and followed it"]) because we agree with the Attorney General that reversal and a remand for resentencing (again) is independently required.

6

"'Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls.'" (*People v. Costella* (2017) 11 Cal.App.5th 1, 10.) Additionally, "[c]ourts may correct clerical errors at any time . . . ." (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) Here, by all appearances, the reduction in defendant's sentence from 96 years to life to 74 years to life was a clerical error. At the June 2023 hearing on defendant's first request for section 1172.75 relief (where he was not present), the trial court orally ruled it would strike only the two one-year enhancements pursuant to section 667.5, subdivision (b) and would not otherwise modify the sentence. But instead of revising the amended abstract of judgment prepared after defendant's direct appeal, the court appears to have revised the original abstract of judgment and in so doing reflected an unintentional reduction of defendant's sentence by 20 years.

Defendant, however, argues the June 2023 resentencing was valid, and its resulting sentence of 74 years to life was the correct starting point for the full resentencing hearing because the resentencing court's statement that defendant's sentence was "now" 74 years to life controls over the conflicting abstracts of judgment. That reads far too much into the court's remark and does violence to the "oral pronouncement controls" principle. In stating the sentence was "now" 74 years to life, the court was expressing its understanding of the starting point for the resentencing, not imposing a sentence. Additionally, the error that requires correction occurred following the June 2023 hearing that produced the incorrect abstract and affected the September 2024 resentencing—it was not the product of that later hearing.

7

Because the resentencing court was not aware that the 74 years to life sentence appears to have been the result of clerical error, and because the court was therefore under a misapprehension concerning the length of the sentence to which defendant was properly subject when deciding whether and to what extent to exercise its discretion to reduce that sentence, we shall remand for a new resentencing hearing.  (See, e.g., *People v. Salazar* (2023) 15 Cal.5th 416, 424 [""""A court which is unaware of the scope of its discretionary powers can no more exercise that 'informed discretion' than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record""""]; see also § 1260.)  We express no view on how the trial court should exercise its discretion in resentencing defendant.

DISPOSITION

The judgment is reversed and the cause is remanded for resentencing.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, Acting P. J.

We concur:

MOOR, J.                    KIM (D.), J.

8